(No. 12324.—Reversed and remanded.)
The Indiana Harbor Belt Railroad Company, Appellee, *vs.* T. F. Green *et al.* Appellants.

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

1. New trial—*a new trial is a de novo hearing.* ·A new trial is a *de novo* hearing, and admissions or waivers as to questions of jurisdiction of the subject matter, made for the purposes of the first trial, are not binding upon a new trial of the cause.

2. Railroads—*a foreign inter-State railroad corporation must comply with foreign Corporations act.* Because a foreign railroad corporation is engaged in inter-State commerce does not relieve it of the obligation to comply with the Foreign Corporations act of 1905 before it can operate in Illinois.

3. Same—*foreign railroad corporation operating under act of 1899 must comply with act of 1905.* A foreign railroad corporation operating under the act of 1899 for the purchase of railroads by foreign corporations, in addition to compliance with that act must comply with the provisions of the Foreign Corporations act of 1905 when it seeks to do business in Illinois subsequent to the passage of the act of 1905.

4. Same—*foreign railroad corporation's petition for condemnation must show compliance with laws of Illinois.* Before a foreign railroad corporation can condemn land in Illinois it is jurisdictional that its petition for condemnation show compliance with the laws of Illinois authorizing it to operate in this State.

5. Corporations—*a foreign corporation must comply with conditions for transacting business before bringing action in Illinois.* The legislature has power to impose such conditions on foreign corporations for the exercise of powers or privileges in Illinois as it may choose, and a foreign corporation which has not complied with the conditions prescribed for transacting business in Illinois cannot maintain an action in the courts of the State.

6. Eminent domain—*petition must show right to condemnation.* As the right to condemn land is in derogation of the common right of the individual to be secure in the possession of his property, ·a ·petition for condemnation must specifically set forth the right of the petitioner.

7. Same—*right of condemnation is based on public interest and convenience.* The taking of private property by the exercise of eminent domain is a right given to public and *quasi* public corpo-

rations, and is based upon the necessity for the assertion either of the governmental powers or the right to develop an agency in which the public has an interest in order that the public convenience may be served.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for appellants.

GLENNON, CARY, WALKER & HOWE, (BERTRAND WALKER, and F. HAROLD SCHMITT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is brought to this court by appeal from a judgment in condemnation proceedings under the Eminent Domain act.

The petition of the appellee filed in the trial court avers that it is, and for twenty years has been, a railroad corporation organized and existing under and by virtue of the laws of the State of Indiana; that under the Railroad act and under its charter it was empowered to extend its railroad into the State of Illinois; that an agreement was entered into between it and the Chicago Junction Railway Company and other corporations, under date of June 29, 1907, whereby the Chicago Junction Railway Company, an Illinois corporation, transferred to the petitioner the possession of that part of its line of railroad extending from Franklin Park, in Cook county, Illinois, to McCook, in said county, and from Blue Island, in said county, to Hammond, in Lake county, Indiana, and granted to petitioner the right to enter upon, hold, occupy, maintain, manage and operate the same for a period of four months from July 1, 1907; that on October 31, 1907, by virtue of an act of the legisla-

ture of the State of Illinois authorizing sales and transfers
of railroads, toll bridges and other property and franchises,
approved April 21, 1899, it purchased from the Chicago
Junction Railway Company and by appropriate deeds of
transfer acquired title to certain lines of railroad belong-
ing to the Chicago Junction Railway Company, extending
from Franklin Park to McCook, in Cook county, and from
Blue Island, in Cook county, to Hammond, in Lake county,
Indiana, together with other lines of railroad; that under
and by virtue of the Eminent Domain act of Illinois and
said act of 1899 the petitioner had the right to have and
operate its railroad in Illinois and to acquire by eminent
domain, land and property needed for said railroad, includ-
ing depot grounds, yards, tracks, side-tracks, etc., and for
any other lawful purpose connected with or necessary to
the operating or maintaining of said road; that the rail-
road belonging to and operated by the petitioner as a public
or common carrier of freight, extends from various points
in Lake county, Indiana, through said State into the State
of Illinois; that it has located the yards, depot, depot
grounds, tracks, side-tracks and connecting tracks of its
road in the town of Proviso, in Cook county, Illinois, and
that it is necessary for petitioner to acquire the land de-
scribed in said petition, to be held and used for the pur-
poses aforesaid; that under and by virtue of certain acts
referred to in said petition the petitioner is authorized to ac-
quire, hold and use the land for said purposes; that compen-
sation to be paid for the land thus needed cannot be agreed
upon by petitioner and the owners thereof, and the same
cannot be acquired by purchase or otherwise. The petition
sets forth the description of the land and the owners there-
of, and makes said owners parties defendant and prays
for process.

Before entering upon the trial the defendants filed their
petition asking the court to fix and ascertain in said con-
demnation proceedings the amount of damages, due to such

proposed construction, to lands not taken or sought. A trial was had before a jury. The jury returned a verdict for $1200 for the land taken and $800 for damages to land not taken. A motion for a new trial was granted and the cause was continued to March 18, 1918. The defendants, before entering upon the second trial, filed their motion, supported by an affidavit, for leave to withdraw their cross-petition filed in said cause for damages to land not taken, and to dismiss the petition of the appellee on the ground that the petition does not contain averments necessary to give jurisdiction to the court to hear the same; that the petition fails to show any right to bring or maintain condemnation proceedings; that the petition shows that the petitioner is a foreign corporation which has not complied with the laws of the State of Illinois permitting it to bring or maintain any action or do any business in the State of Illinois; that it is a fact that the petitioner is a foreign corporation and has been doing business as a corporation in the State of Illinois for a period of at least five years without qualifying, as required by the statutes of the State of Illinois, before filing the petition herein; that the petitioner has acquired parallel and competing lines of railroad and is operating the same contrary to our statutes; that at the time of the alleged purchase by the petitioner it was not authorized by its charter to, nor did it in fact, own or operate a railroad to the State line of the State of Illinois, connecting with the lines of road alleged in the petition to have been purchased. This motion was overruled by the court and a second trial was had before a jury. The jury returned a verdict fixing the compensation to be paid the appellants for the land taken at $1200 and for land not taken at $1000. Motions for a new trial and in arrest of judgment were overruled and judgment on the verdict entered for the above amounts and costs. Exceptions were taken to the rulings of the court and an appeal perfected to this court.

The only matters preserved in the bill of exceptions for review are the motion to withdraw suggestions for damages for land not taken and to strike the petition from the files, and the motion for new trial and in arrest of judgment.

It is contended by the appellants that the petitioner must show, by facts set forth in the petition, that it is a railroad under the laws of the State of Illinois; that the statute provides what facts must appear in the petition to condemn, and unless such facts are alleged in the petition the court is without jurisdiction to hear it; that the petitioner is a foreign corporation and has failed to comply with the Foreign Corporations act of Illinois enacted in 1905, and is without authority to proceed under the Eminent Domain act. It is contended by the appellee that the defendants have waived their right to assign said errors by proceeding to the first trial of this cause without raising the questions assigned as error, and that the granting of a new trial does not re-open the cause for a consideration of the questions thus waived; that the filing of the cross-petition and the introduction of evidence in support of the same by the defendants is an admission that the petitioner had a right to condemn the land in question; that the petitioner is a railroad corporation engaged in inter-State commerce, organized under the laws of the State of Indiana, and qualified under said laws, as well as the laws of the State of Illinois, to own and operate the railroad referred to in the petition, and for that reason it has the authority of a foreign corporation to condemn the land in question under the Eminent Domain act.

The first question to be determined is whether or not appellants have waived their right to question the jurisdiction of the court by going to trial on the first trial without raising the above question or by not abiding their motion made before the second trial to dismiss the petition. A new trial is a *de novo* hearing. Admissions or waivers as to questions of jurisdiction of the subject matter, made for the

purposes of the first trial, are not binding upon a new trial of the cause. (29 Cyc. 1034.) Appellants interposed a motion to withdraw their cross-petition for damages and to dismiss the petition prior to the commencement of the second trial. This motion was overruled. Appellants on their motion to dismiss raised the issue before the court concerning the right of appellee to condemn, averring that the petition did not show, and the facts would not show, that appellee had complied with the Foreign Corporations act of 1905, to which appellee replied that the act of 1905 does not apply for the reason that appellee is engaged in inter-State commerce, and for the further reason that it is operating under the act of 1899 and therefore not required to comply with the act of 1905. To hold that the fact, if it be a fact, that appellee is engaged in inter-State commerce and therefore under no obligation to comply with the Foreign Corporations act of this State, is, in effect, to hold that there can be no such thing as a foreign corporations law as applied to railroads. Such is not the law and appellee cites no authority supporting such a contention.

Section 1 of the act entitled "An act to regulate the admission of foreign corporations for profit, to do business in the State of Illinois," approved May 18, 1905, provides: "That before any foreign corporation for profit shall be permitted or allowed to transact any business, or exercise any of its corporate powers in the State of Illinois, other than insurance companies, building and loan companies and surety companies, they shall be required to comply with the provisions of this act and shall be subject to all of the regulations prescribed herein, as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this State." Section 7 of the act provides: "This act shall not be construed to repeal any law now in force regulating the admission into this State of any insurance, surety, building and loan, railroad or telegraph corporation, but the provi-

sions of this act shall be construed to be additional to any provisions, regulating the admission of any such foreign corporations to do business in the State of Illinois." Section 9 of the act also provides: "This act shall not be applicable to, or in any manner affect, any corporation of another State which has acquired, or constructed, and is now operating, a railroad in the State of Illinois."

The act of 1899 is entitled "An act concerning the rights, powers and duties of certain corporations therein mentioned, authorizing the sale and transfer of any railroad, or railroad and toll bridge, and other property, franchises, immunities, rights, powers and privileges connected therewith or in respect thereto, of any corporation of this State, to a corporation of another State, and prescribing the rights, powers, duties and obligations of the purchasing company," approved April 21, 1899. Said act provides, in effect, that whenever a corporation of another State shall be in possession of a railroad belonging to a corporation in this State or shall own or control all the capital stock of such corporation of this State, then said corporation of another State may purchase such railroad if it is not a parallel or competing line, provided the sale is approved by two-thirds of the stockholders of both companies, and may operate the same and enjoy the power of eminent domain and other powers, subject to the laws of this State for the regulation, government, taxation or control of railroads of this State. This act presupposes by the language "whenever a corporation of another State shall be in possession of a railroad in this State," that that possession is held legally under the laws of this State relating to foreign railroad corporations. Section 7 of the act of 1905, which was passed before appellee here acquired possession of the Illinois railroad and before any rights had accrued to appellee, specifically says that said act shall be construed as an additional requirement to admission of any foreign corporation. This is the effect of said act. This court has uni-

formly held that a foreign corporation which has not complied with the conditions prescribed for transacting business in this State cannot maintain an action in the courts of the State. . (*Cincinnati Mutual Health Assurance Co.* v. *Rosenthal,* 55 Ill. 85; *Supreme Sitting Order of Iron Hall* v. *Grigsby,* 178 id. 57; *Thompson Co.* v. *Whitehed,* 185 id. 454.) The legislature has power to impose such conditions · upon foreign corporations for the exercise of powers or privileges in this State as it may choose, and such conditions must be complied with. *Illinois Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co.* 208 Ill. 419.

Appellee sought to do business in this State after the passage of the act of 1905 and was subject to it, and its petition should have shown compliance therewith. This is jurisdictional. Appellee in its petition to condemn makes no averment of such compliance. Its charter was issued under the laws of Indiana. What powers were by them granted is not material here, as laws are not extra-territorial in their application or force, and appellee, in order to condemn land in the State of Illinois, must by its petition show itself empowered so to do under and by virtue of the laws of the State of Illinois. As was said in *People* v. *Wayman,* 256 Ill. 151: "The charter privileges, powers and obligations of the consolidated corporation were prescribed and limited by the laws of this State. (*Ohio and Mississippi Railway Co.* v. *People,* 123 Ill. 467.) The laws of the several States have no extra-territorial force, and the provision conferring upon the corporation organized under the act of 1861 the powers possessed by the consolidated corporation did not purport to, and could not, fix the term of the corporate existence." So in *Illinois Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co. supra,* it was said: "The petitioner can have no legal existence in this State outside of the boundaries of the States where it was incorporated, and can exercise none of the powers conferred by its charter except by consent of the legislature

of this State. It is competent for the legislature to delegate the exercise of the power of eminent domain to a foreign corporation, but the power can only be exercised when so granted. The power to take the property of the individual without his consent is against common right, and all acts authorizing such a taking are to be strictly construed. (*Chicago and Eastern Illinois Railroad Co.* v. *Wiltse*, 116 Ill. 449; *Chicago and Northwestern Railway Co.* v. *Galt*, 133 id. 657.) Unless both the letter and the spirit of the statute relied upon clearly confer the power it cannot be exercised. (*Ligare* v. *City of Chicago*, 139 Ill. 46.) The question under what conditions the power shall be exercised is purely legislative, but it is the duty of the court, when called upon, to decide whether the statutory conditions exist and whether the taking of the property is within the statutory power conferred.—*Harvey* v. *Aurora and Geneva Railway Co.* 174 Ill. 295."

It has been frequently held in this State that a petition to condemn land must specifically set forth the power of the petitioner so to do. The taking of private property by the exercise of eminent domain is a right given to public or *quasi* public corporations and is based upon the necessity for the assertion either of governmental powers or the power to develop an agency in which the public has an interest, in order that the public convenience may be served. Such right is nevertheless in derogation of the common right of the individual to be secure in the possession of his property. The power to compel an individual to give up his property against his will, for a consideration which must be fixed by the courts, is one which is in its nature against the common right. All rights given by law which are in derogation of the common right must be construed strictly, and a petition for the assertion of that right must set forth all of the averments necessary to authorize the court to act in such proceeding. *Reed* v. *Ohio and Mississippi Railway Co.* 126 Ill. 48; *Chicago and Northwest-*

*ern Railway Co.* v. *Galt, supra; Harvey* v. *Aurora and Geneva Railway Co. supra; Hutchins* v. *Vandalia Levee District,* 217 Ill. 561.

For the reasons herein indicated the petition in this case was defective and did not confer jurisdiction on the court to try the cause, and the circuit court therefore erred in refusing to sustain the motion of the appellants.

The judgment of the circuit court will therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.        *Reversed and remanded.*