HARRY J. ROME, Plaintiff, *v.* COMMONWEALTH EDISON CO. *et al.*, Defendants.—(COMMONWEALTH EDISON CO., Third-Party Plaintiff-Appellant, *v.* WALSH CONSTRUCTION CO., Third-Party Defendant-Appellee.)

First District (2nd Division)    No. 78-1673

Opinion filed February 5, 1980.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago (James T. Ferrini and Fredrick J. Grossman, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey and Edward J. Zulkey, of counsel), for appellee.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Commonwealth Edison Company (hereinafter Edison) appeals from an order of the circuit court of Cook County dismissing Edison's third-party complaint for indemnity against Walsh Construction Company (hereinafter Walsh). The following issues are presented for review: (1) whether the third-party complaint failed to adequately state a cause of action for indemnity; and (2) whether Walsh's purchase of an insurance policy covering Edison's liability relieves Walsh of any liability, either contractual or implied, to indemnify Edison.

For reasons hereinafter stated, we reverse.

Plaintiff, Harry J. Rome, filed a complaint against Commonwealth Edison Company to recover for injuries sustained by plaintiff on February 20, 1975, while he was working on a construction project at the Seneca Power Plant in Seneca, Illinois. Plaintiff alleged that he was an employee of Walsh Construction Company and he was injured when he fell into an excavated area. Count I of the complaint was based on the Structural Work Act and alleged that Edison owned and was in charge of construction at the Seneca plant, that Edison participated in coordinating, scheduling and inspecting the work and had authority to stop the work, and that Edison failed to operate a safe excavating area. Count II alleged negligence by Edison in failing to make reasonable inspections, failing to maintain a safe place to work, failing to warn of dangerous conditions and failing to supervise and provide safeguards. The original complaint is not involved in the appeal.

Edison filed a third-party complaint for indemnity against Walsh Construction Company. Count I was based on the theory of implied indemnity and alleged that any negligent acts of Edison were passive while the acts of Walsh were active. Count II was based on the indemnity provision of the contract between Walsh and Edison.

On October 28, 1976, pursuant to a motion filed by Walsh, the trial court dismissed count II of the third-party complaint on the basis that the contractual indemnity provision was void under section 1 of "An Act in relation to indemnity in certain contracts." (Ill. Rev. Stat. 1975, ch. 29, par.

61.) Section 1 provides that an agreement in a construction contract to indemnify another person from that person's own negligence is void as against public policy and is unenforceable. The order dismissing count II is not contested and is not involved in this appeal. Although the indemnity provision of the contract was invalid, the other provisions of the contract remained in force.

Walsh filed a motion to dismiss count I of the third-party complaint alleging that the contract between Walsh and Edison required Walsh to obtain a general liability insurance policy naming Edison as the beneficiary and covering all work-related acts performed by Walsh and that the obtaining of said insurance policy satisfied any right of indemnity, either contractual or implied, that might exist in connection with acts performed by Walsh. In an amendment to the motion to dismiss, Walsh further alleged that count I should be dismissed as a matter of law because it failed to plead sufficiently a distinction between the conduct of the parties in that one party's conduct was active while the conduct of the other party (Edison) was passive.

On July 11, 1978, the trial court granted Walsh's motion to dismiss count I of the third-party complaint and dismissed count I with prejudice. Edison appeals from the order dismissing count I.

■■■ Initially it should be noted that the order dismissing count I stated neither specific findings of fact nor the specific grounds upon which the court based its ruling. However, a general order of dismissal may be sustained on any basis found in the record, regardless of what led the trial court to its conclusion. (*Glick v. Sabin* (1977), 53 Ill. App. 3d 96, 99, 368 N.E.2d 625.) Further, we note that the contractual indemnity provision did not preclude Edison from seeking recovery on a common law implied indemnity theory. This court recently held in *McGinn v. Northwestern Steel & Wire Co.* (1978), 68 Ill. App. 3d 632, 638, 386 N.E.2d 71 (supplemental opinion), *appeal denied* (1979), 75 Ill. 2d 591, that although recovery through indemnification may be had on only one theory, either contractual or implied indemnity, there is nothing to prevent a party from seeking recovery under both theories. The rule is well established that a party has the right to plead and introduce proof on all possible theories of recovery, even if the theories are inconsistent.

Walsh contends that the trial court properly dismissed count I of the third-party complaint because count I failed to state a cause of action for indemnity. Walsh further contends that Edison waived the issue of the sufficiency of the complaint because Edison did not argue the point in its appellate brief and therefore the appellate court should affirm the dismissal. In its reply brief Edison contends that there is a waiver of an issue raised by appellee only if the appellant does not respond thereto in its reply brief and that the third-party complaint was sufficient to

withstand a motion to dismiss because it alleged a relationship between Walsh and Edison sufficient to warrant the conclusion that there was a qualitative difference between the negligence of the two parties, Walsh and Edison.

■■ With reference to the waiver issue, the general rule is that an issue not raised in appellant's brief may be considered waived. (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7); *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1978), 58 Ill. App. 3d 28, 31, 373 N.E.2d 772.) Further, the appellant's reply brief should be confined strictly to replying to arguments presented in appellee's brief. (Ill. Rev. Stat. 1977, ch. 110A, par. 341(g).) In the case at bar appellee Walsh raised the issue of sufficiency of the third-party complaint to support the trial court's dismissal. It is well established that an appellee may urge any point in support of the judgment on appeal so long as the factual basis for such point was before the trial court. (*Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285.) Edison replied to Walsh's argument in its reply brief, which was proper under Supreme Court Rule 341. In *City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 853, 374 N.E.2d 1277, appellee raised an issue in support of the trial court's dismissal of a third-party complaint. Appellant in *Clark* did not provide either argument or authority in response to appellee's contention, and the appellate court held that the issue could be considered waived by appellant. The inference from *Clark* is that if the appellant had responded to the contention raised by appellee, the issue would not have been waived. In the case at bar, since Edison did respond to Walsh's contention, the issue will not be considered as waived for purposes of appeal.

■■ The judicially created theory of implied indemnity holds that a party whose conduct is limited to negligence in a passive or secondary nature may obtain indemnification from the party whose negligent conduct is active or primary in nature. (*Mierzejwski v. Stronczek* (1968), 100 Ill. App. 2d 68, 75, 241 N.E.2d 573.) It is established that under the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*) more than one person may be "in charge of" the work and be liable to the injured party; however, there can be degrees of fault among those who are liable, and the passively delinquent party, if held accountable, may transfer its statutory liability to the actively delinquent party. (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.) In *Miller v. DeWitt* the court held that a third-party complaint should not be dismissed unless it appears from the pleadings that in no event would the indemnitee have an action against the indemnitor. In *City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 854, the court held that in order for a third-party complaint to withstand a motion to dismiss, it must allege some relationship between the third-party plaintiff and third-party defendant sufficient to warrant

application of indemnity principles. Thus, the third-party complaint must allege that the third-party plaintiff's conduct was passive while that of the third-party defendant was active. *Reynolds v. Illinois Bell Telephone Co.* (1964), 51 Ill. App. 2d 334, 201 N.E.2d 322.

■■ In the case at bar, the third-party complaint alleged that there was a contract between Edison and Walsh whereby Walsh was to perform work and that plaintiff was an employee of Walsh and was acting within the scope of his employment at the time of his injury. The complaint further alleged:

> "That if third party plaintiff is found liable to the plaintiff for all or any amount of the damages sought by plaintiff, it can only be for some passive act or omission and from the active acts of negligence of third party defendant in failing to place or operate the excavated area in a safe and suitable manner, there being no active acts of negligence on the part of third party plaintiff."

We find that the third-party complaint is not well pleaded in that the allegations consist primarily of legal conclusions rather than factual averments. Edison's counsel during oral argument acknowledged that the third-party complaint could have set forth more factual allegations; however, counsel contended that the facts alleged in the original complaint and in the contract, which were incorporated by reference into the third-party complaint, were sufficient to allege a relationship between the parties warranting application of indemnity principles. Although far from being a model pleading, we conclude that the third-party complaint was sufficient to withstand a motion to dismiss. The complaint alleged a contractual relationship between Edison and Walsh and pleaded that Edison's acts were not actively negligent. Walsh contends that the third-party complaint fails to state a cause of action because the original complaint contains allegations of active negligence on the part of Edison. However, several courts have held that a third-party plaintiff seeking indemnity should not be foreclosed at the pleading stage by the characterization of his particular conduct as active in the original complaint. (*Miller v. DeWitt; Mierzejwski v. Stronczek.*) After reviewing the pleadings, it does appear that the indemnitee Edison could possibly maintain an action against the indemnitor Walsh. Thus, the third-party complaint was sufficient to withstand a motion to dismiss. *Miller v. DeWitt.*

Finally, Edison contends that Walsh's purchase of a liability insurance policy for Edison pursuant to Walsh's contractual obligation does not relieve Walsh of its liability to indemnify Edison. Edison contends that the obligation to purchase insurance and the obligation to indemnify are separate and that the parties did not agree that the purchase of insurance would satisfy the obligation to indemnify.

The contract between Walsh and Edison contained the following provision regarding insurance:

"11. Insurance Against Liability for Bodily Injuries and Damage to Property. The Contractor shall provide and maintain in such amounts and in such companies as shall be acceptable to the Owner:

(a) Workmen's Compensation insurance in the name of the Contractor* * *;

(b) Contractor's public liability insurance in the name of the Contractor against claims for injuries to or death of persons and damage to property arising directly or indirectly from operations under the contract, whether such injuries, death or damage result from any act or neglect of the Contractor, any subcontractor, or any other person directly or indirectly employed by either or any of them;

(c) When requested by the Owner, owner's contingent liability insurance in the name of the Owner and such other corporations or persons as the Owner may direct, against claims of the nature specified in (b) above;

(d) Such other insurance as, in the opinion of the Owner, the nature of the work and the circumstances may require."

This provision regarding Walsh's obligation to obtain insurance followed a clause regarding Walsh's obligation to indemnify Edison, which clause was subsequently declared void. However, the insurance provision does not refer to the indemnity provision and there is nothing in the contract which states that the obtaining of an insurance policy pursuant to clause 11(e) would satisfy any obligation on Walsh's part to indemnify Edison. Walsh obtained an insurance policy pursuant to clause 11(e) from Continental Insurance Company. The policy named only Edison as the insured and specifically was made applicable only to work performed by Walsh for Edison. The limits of liability for bodily injury were $3,000,000 for each occurrence. Although the affidavit of R. L. McIntyre, supervisor for Continental Insurance Company,[1] stated that Edison could subrogate against Walsh in an amount up to $250,000 and could seek common law indemnity from Walsh in an amount up to $250,000, there is nothing in the insurance policy or in the contract which refers to a limit or deductible of $250,000.

■■■ Walsh contends that the trial court did not err in dismissing the third-party complaint because the effect of Walsh's procurement of an insurance policy for Edison was to protect the same interests that would

---

[1] This affidavit was filed by Edison in opposition to the motion to dismiss.

be protected by indemnity. However, Walsh's argument is not sustainable for several reasons. First, the obligation to obtain insurance was contractual and there was nothing in the contract to indicate that the parties intended the mere obtaining of insurance to relieve Walsh of all liability to indemnify Edison. Second, it has been held that the fact that an indemnitee's liability is covered by insurance does not negate the indemnitor's obligation. (*Spurr v. LaSalle Construction Co.* (7th Cir. 1967), 385 F.2d 322, 331, citing *Shell Oil Co. v. Hercules Construction Co.* (1966), 74 Ill. App. 2d 166, 219 N.E.2d 392.) In *Shell Oil Co.* the court held that the indemnitee's insurer, who had paid the indemnitee's liability and who was subrogated to the rights of the indemnitee, may recover from the indemnitor. Similarly, in *Daly v. W. E. O'Neil Construction Co.* (1971), 133 Ill. App. 2d 655, 273 N.E.2d 505, the court held that the indemnitee's insurer and the indemnitor were co-obligors and that since the insurer was subrogated to the rights of the indemnitee, the indemnitor could not recover from the insurer. In *Daly,* Bethlehem Steel Corporation entered into a construction contract with the City of Chicago, and it agreed to procure two workmen's compensation insurance policies for the protection of itself and the city. However, Bethlehem purchased only a policy in the name of the city. Daly, an employee of Bethlehem, was injured when he fell from a scaffold, and he sued the general contractor and the city. The city then filed a third-party action against Bethlehem alleging that Bethlehem's active negligence caused Daly's injuries. Daly obtained a judgment from the city, and the city obtained a judgment from Bethlehem. Bethlehem then filed a complaint against the city's insurer on the theory that Bethlehem had procured and had paid for the city's liability insurance for the purpose of making the insurance company the primary insurer against any liability of the city arising out of Bethlehem's performance under the contract. The court found that the facts did not establish that the insurance was intended by all parties to carry the burden of any liability against the city or that the insurance company was informed that it was being retained for any coverage broader than that set forth in the policy naming only the city as the insured. Thus, the court held that the insurance company was a co-obligor along with Bethlehem and was entitled to be subrogated to the city's claim for indemnity against Bethlehem. Since Bethlehem was the active tortfeasor, Bethlehem could not recover from the insurance company. Although it is not specifically stated in the opinion, the court in *Daly* of necessity determined that the procurement of insurance by Bethlehem pursuant to its contractual obligation did not relieve Bethlehem of liability on the basis of implied indemnity, since the court found that the judgment against Bethlehem was proper. In the case at bar there is a question as to whether Edison waived subrogation of its rights against Walsh and if so,

whether such waiver indicates an intent by the parties to make Continental Insurance Company the primary insurer against liability, rather than a co-obligor alone with Walsh. However, the fact that Continental may be the primary insurer is not a basis for dismissing the third-party complaint. The pleadings and affidavits submitted by the parties raise several questions, particularly the question of subrogation, to be resolved. Thus, we find that the trial court erred in dismissing the third-party complaint.

Based on the foregoing we reverse the order of the circuit court of Cook County and remand the cause for proceedings not inconsistent with this opinion.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.