THE TRAVELERS INSURANCE COMPANY, Plaintiff-Appellee, *v.* ROBERT R. ANDERSON COMPANY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 81—2345

Opinion filed January 18, 1983.—Rehearing denied March 10, 1983.

Schaffenegger, Watson & Peterson, Ltd., and Crooks & Gilligan, Ltd., both of Chicago, for appellants.

Johnson, Cusack & Bell, Ltd., of Chicago (John W. Bell and Thomas Fegan, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Robert R. Anderson Company (Anderson) and Cook County appeal

from a judgment requiring them to indemnify the Travelers Insurance Company (Travelers) for payments made to Edward Burns in satisfaction of a judgment entered on a jury verdict finding Howell Tractor and Equipment Company (Howell), Travelers' insured, liable in negligence for certain personal injuries sustained by Burns. Anderson and Cook County contend that post-judgment interest was improperly included in the indemnification award, that a new trial should be granted, and that the trial court erred in denying Cook County's motion for a judgment *n.o.v.*

This is the second time that this case has been before this court. The facts most pertinent to the first appeal are set forth in detail in our prior opinion (see *Burns v. Howell Tractor & Equipment Co.* (1977), 45 Ill. App. 3d 838, 360 N.E.2d 377), and need be summarized only briefly here. Burns, the plaintiff in the original action, was injured while operating a machine called a vibratory roller which was leased from Howell for use on a Cook County road resurfacing project. The project was jointly supervised by Cook County and Anderson, a contractor hired by Cook County and Burns' employer. Burns was using the roller to compact asphalt chunks taken from the old surface of the road so that the compacted asphalt could be used as a subbase for the new surface. The decision to use the asphalt chunks as a subbase had been made by Anderson and acquiesced in by Cook County. When the roller was driven over the large chunks of asphalt, it began to tilt and bounce. Gravel was spread over the chunks at a foreman's direction. After this was done, the machine began to operate properly in areas where the gravel was thickly spread. Burns was injured when the roller went over an area where the gravel thinly covered the asphalt. The roller began to bounce and tip over, and Burns unsuccessfully attempted to put the roller in reverse. He leapt from the machine and the roller toppled over, pinning him to the ground.

Burns brought suit against Howell and Cook County to recover for his injuries. Howell filed a third-party complaint against Anderson. Howell and Cook County also filed cross-complaints against each other. The jury returned a general verdict in favor of Burns for $300,000 against Howell and Cook County, and a general verdict in favor of Howell in its actions against Cook County and Anderson. The jury also answered a special interrogatory finding that Howell was actively negligent prior to and at the time of the accident, and that that negligence proximately caused Burns' injuries. The trial court entered judgment on the general verdict in favor of Burns, and granted a motion for a new trial to determine the liabilities of Howell, Cook County, and Anderson.

On appeal, Howell contended that judgment should have been entered on the general verdict in its favor against Cook County and Anderson; Cook County contended that it should have been granted a judgment *n.o.v.* in its favor; and Anderson contended that the answer to the special interrogatory should have controlled the general verdict in favor of Howell, and that judgment should have been entered in its favor accordingly.

We held that the answer to the special interrogatory was against the manifest weight of the evidence, that Cook County was not entitled to a judgment *n.o.v.*, and that the trial court did not abuse its discretion in ordering a new trial on the cross-claims and third-party action rather than entering a judgment on the general verdict or the special finding.

After petitions for rehearing in this court and for leave to appeal to our supreme court were denied, Travelers paid the principal judgment of $300,000 to Burns. Travelers also paid Burns post-judgment interest in the amount of $62,975.34.

The parties proceeded to a second trial on their liabilities *inter se*, with Travelers entering the cause as the subrogee of Howell. During the pendency of the second trial, the trial court entered an order reciting that, as a matter of law, the post-judgment interest which was paid to Burns would not be included in any award of indemnity to Travelers. The second trial ended in a hung jury, and a new trial was ordered.

In the third trial, the jury returned a general verdict finding that Travelers was entitled to reimbursement from Cook County and Anderson. The trial court granted Travelers' post-trial motion to fix the amount of the judgment at $362,975.34, the exact amount paid out to Burns. Anderson and Cook County appeal. Anderson contends that post-judgment interest is not recoverable in an action for indemnity and that another new trial should be granted. Cook County adopts the issues as raised and argued by Anderson, and also contends that it should have been granted a judgment *n.o.v.* in the indemnity action because its conduct cannot be considered to be active negligence when compared with the conduct of Howell.

■ Anderson and Cook County's primary contention on appeal is that, as a matter of law, Travelers is not entitled to recover the post-judgment interest which accrued during the pendency of the first appeal of this case. No Illinois case has squarely faced the issue of whether post-judgment interest is recoverable by a tortfeasor/indemnitee. The Illinois rule is, however, that the indemnitee is entitled to recover the full amount of the judgment paid out to the plaintiff. (See *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d

1051, 1058, 399 N.E.2d 216.) The plaintiff's right to post-judgment interest arises by operation of statute rather than through any agreement between the parties. (*Noe v. City of Chicago* (1974), 56 Ill. 2d 346, 349, 307 N.E.2d 376.) That statutory interest is "made a part of the judgment." (Ill. Rev. Stat. 1981, ch. 17, par. 6403, superseded by Ill. Rev. Stat. 1981, ch. 110, par. 2—1303.) An implied indemnitee is not entitled to recover attorney fees and costs of the underlying suit under Illinois law (see *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 166-67, 390 N.E.2d 859) because such items are expenses which are incidental to the defense of the earlier litigation rather than part of the judgment itself. In view of the rule that the indemnitee is entitled to recover the full amount of the judgment, we hold that the post-judgment interest paid to Burns is properly recoverable by Howell. This holding is in accord with the weight of authority from other jurisdictions. See *Prickett v. Hawkeye-Security Insurance Co.* (10th Cir. 1960), 282 F.2d 294, 300; *Singer v. Dorr* (E.D. La. 1967), 272 F. Supp. 931, 937; *Holley v. The Manfred Stansfield* (E.D. Va. 1960), 186 F. Supp. 805, 811; *Missouri, Kansas & Texas Ry. Co. v. Pacific Ry. Co.* (1918), 103 Kan. 1, 17, 175 P. 97, 104; see also 42 C.J.S. *Indemnity* sec. 24, at 602 (1944); 41 Am. Jur. 2d *Indemnity* sec. 36, at 725-26 (1968); but see *Otis Elevator Co. v. Maryland Casualty Co.* (1934), 95 Colo. 99, 110, 33 P.2d 974, 978.

■ Anderson also contends that Traveler's should not be allowed to recover the interest on the judgment because its failure to pay the judgment immediately after it was entered was completely voluntary and amounts to a failure to mitigate damages, and that Travelers should not be allowed to profit at the expense of its indemnitors through its voluntary refusal to pay. In this regard, it should be noted that Travelers paid Burns the amount of the judgment and the interest thereon promptly after the appellate process was exhausted. The enforcement of that judgment had been stayed pending appeal. The stay was originally entered in response to the post-trial motions of Cook County and Howell, and was conditioned on the posting of a bond in the amount of $350,000. The trial court later determined that Cook County was entitled to a stay without bond pursuant to Supreme Court Rule 305(g). (87 Ill. 2d. R. 305(g).) It does not appear that a bond was ever posted. Travelers made prompt payment of the judgment as soon as it became enforceable. Cook County was jointly and severally liable for the amount of the judgment, and was instrumental in staying enforcement of the judgment without bond. Cook County has adopted Anderson's argument concerning the unfairness of allowing Travelers to collect the interest when it had the use of, and presumably obtained a higher rate of return on, the money pending appeal, but Cook County

made it possible for it and Travelers to retain the use of the money by obtaining the stay without bond, and Cook County as well as Travelers profited from retaining the use of the money owed to plaintiff. The statutory rate of interest is set by the legislature, and a complaint that a judgment debtor might obtain a greater rate of return on the amount of the judgment during the pendency of the appeal should be addressed to that body. Defendants cite *Gatto v. Walgreen Drug Co.* (1974), 23 Ill. App. 3d 628, 640, 320 N.E.2d 222, *rev'd on other grounds* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669, for the proposition that an indemnitee should not be permitted to profit at the expense of his indemnitor. In that case the indemnitee and the plaintiff were parties to a secret agreement under which the plaintiff would enforce any judgment only up to a certain maximum amount. The court held that the indemnitee would not be allowed to recover the full amount of the judgment from the indemnitor because his true liability was limited to a much smaller amount by the agreement. The court allowed the indemnitee to recover only the amount that the plaintiff could collect under the agreement. In the instant case, the indemnitee is seeking only to recover the exact amount that it paid out to the plaintiff. The fact that Travelers withheld payment of the principal amount until such time as the judgment became enforceable is hardly an indication of bad faith on its part, and we find that allowing Travelers to recover the post-judgment interest that it paid to Burns works no unjust enrichment in Travelers favor.

■ Anderson also contends that the finding of the trial court in the second trial that post-judgment interest was not recoverable as a matter of law was improperly ignored by the judge in the third trial. That finding was made prior to the time that the second trial judge ordered a new trial. A new trial is a trial *de novo*, and the subsequent trial judge is not bound by the findings of his predecessor. (See *Indiana Harbor Belt R.R. Co. v. Green* (1919), 289 Ill. 81, 85-86, 124 N.E. 298.) We find that this contention is without merit.

■ Cook County contends that a judgment *n.o.v.* should have been entered in its favor because Travelers' pleadings and the evidence at trial were not sufficient to establish that Howell's fault was "passive" or "minor" as compared to the fault of Cook County. A judgment *n.o.v.* is appropriate only when "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) In the instant case, there was substantial evidence that Cook County was guilty of major fault. Cook County acquiesced in Ander-

son's decision to use the roller to compact the asphalt. That work continued even after it became obvious that the work could not be performed safely. Evidence that the machine was defective or in disrepair was sharply disputed at trial, and the jury answered a special interrogatory asking whether Howell was guilty of major fault which proximately caused Burn's injuries in the negative. The evidence in favor of Cook County is far from overwhelming. We find that Cook County was not entitled to a judgment *n.o.v.*

Finally, Anderson contends that Howell and Travelers "acquiesced" in the original jury verdict of negligence by failing to appeal that verdict, and that therefore they are in some way estopped from seeking indemnity by that acquiescence. Anderson concedes that the jury verdict was for simple negligence only, but asserts that Howell, as "a confessed supplier of a dangerous and defective piece of machinery," should not be able to recover complete indemnity from a negligent employer. Anderson concludes that it is entitled to a new trial.

■ It is difficult to ascertain how a judgment of simple negligence against the indemnitee could estop it from seeking indemnification from its joint tortfeasors. Anderson attempts to recast this case in strict liability terms. If this action were in strict liability, it is true that Travelers might be entitled only to contribution rather than to full indemnity. (See *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 14-15, 374 N.E.2d 437, *cert. denied* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849.) Howell's liability is based on negligence, however, and in attempting to characterize Howell's failure to appeal the judgment as an admission of strict liability, Anderson ignores the fact that its counterclaim against Howell sounding in strict liability was dismissed at the close of the first trial for lack of proof, and no appeal was taken from that ruling. (*Burns v. Howell Tractor & Equipment Co.* (1977), 45 Ill. App. 3d 838, 845, 360 N.E.2d 377.) We find that Anderson's attempts to recast this case in strict liability terms are meritless.

For the reasons expressed herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.