Les REID, Plaintiff,

Ronald Mays individually, Ronald Mays, d/b/a Bootheel Transportation, Defendants.

Interstate Express Inc., a corporation, for its own use and for the use of Transport Insurance Company, a corporation, Defendant and Third Party Plaintiff,

v.

BOOTHEEL TRANSPORTATION CO. INC., a Missouri corporation, Third Party Defendant.

No. 88 C 20365.

United States District Court, N.D. Illinois, W.D.

Jan. 15, 1991.

Robert H. Clark, Janet Clark Holmgren, Clark, McGreevy & Johnson, P.C., Rockford, Ill., for plaintiff.

Raphael Yalden, II, DeBruyne, Yalden & Olsen, Rockford, Ill., for defendant and third party plaintiff.

Lyndon C. Molzahn, Timothy Reed, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for Interstate Exp. Inc.

Douglas J. Pomatto, Janet E. Lanpher, Kevin J. Luther, Lloyd R. McCumber, Heyl, Royster, Voelker & Allen, Rockford, Ill., for third party defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court are: 1) Third Party Defendant Bootheel's motion to dismiss the amended third party complaint; 2) Third Party Defendant Bootheel's motion for summary judgment; and 3) Third Party Plaintiff Interstate's motion for summary judgment. For the reasons set forth herein, the court denies Third Party Defendant Bootheel's motions to dismiss and for summary judgment, and grants Third Party Plaintiff Interstate's motion for summary judgment.

## BACKGROUND

On October 27, 1988, Plaintiff Les Reid (hereinafter Reid) filed a complaint in this court against Defendants Ronald Mays, individually (hereinafter Mays) and doing business as Bootheel Transportation Co. (hereinafter Bootheel), and Interstate Express Inc. (hereinafter Interstate). On June 28, 1989, Interstate filed a third-party complaint against Bootheel. In both of these actions, the parties are of diverse citizenship. Thus, this court has jurisdiction over both actions pursuant to 28 U.S.C. § 1332 (1988). Interstate filed an amended third-party complaint on June 20, 1990. Bootheel filed its motion to dismiss on July 6, 1990, and its motion for summary judgment on August 15, 1990. Interstate filed its motion for summary judgment on August 15, 1990.

Interstate and Bootheel filed a joint stipulation of facts in this court on August 16, 1990. The following information is taken from this stipulation. On and prior to March 6, 1987, both Interstate and Bootheel were engaged in interstate trucking as certified carriers licensed by the ICC. On March 6, 1987, Interstate and Bootheel entered into a Trip Lease agreement (hereinafter Lease). Under the Lease, Interstate leased a semi tractor and trailer with driver, Defendant Mays, from Bootheel.

On March 6, 1987, while the Lease was in effect, Mays was driving the leased semi tractor and trailer in Rockford pursuant to the Lease, and in the interest solely of Interstate. Mays collided with a van driven by Plaintiff Reid. Reid filed a personal injury complaint in this court for the injuries received in the collision. At the time of the collision, Interstate was insured by

Transport Insurance Company (hereinafter Transport), and Bootheel was insured by Integral Insurance Company. Both insurance policies provided coverage for the insured's legal obligation for damages because of bodily or property damage.

Transport settled with Reid for Reid's claim for personal injury, and also with Reid's subrogee, an automobile collision insurer. Reid and Reid's subrogee signed releases as part of their settlements. Interstate has reimbursed Transport $35,000 of the amount Transport paid to Reid, the amount of the deductible under Interstate's insurance policy. Interstate paid $4,288.47 to Transport as its allocated adjustment expense under the policy, for its share of attorney's fees and expenses incurred in the defense of Reid's claim. Transport incurred an additional $2,835.39 in attorneys fees and expenses for the defense of Reid's claim. '

Interstate prepared the Lease and the Lease form. As the Lease required, Interstate carried public liability, property damage, and cargo insurance for the operation of the leased equipment. This insurance was for the benefit of the public and the lessor. At the time of the collision, the leased tractor and trailer were in the exclusive direction and control of Interstate.

## DISCUSSION

### Bootheel's Motion to Dismiss

In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiffs could prove consistent with the pleadings that would entitle them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Murphy v. Lane*, 833 F.2d 106, 107 (7th Cir. 1987); *Vaden v. Village of Maywood*, 809 F.2d 361, 363 (7th Cir.), *cert. denied*, 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden*, 809 F.2d at 363; *Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984).

The gist of Bootheel's motion to dismiss is that Interstate cannot recover against it because the release Plaintiff executed on September 25, 1989 does not expressly reserve claims for contribution or indemnity. Bootheel also argues that Transport has no standing in this third-party action, because Transport was not a party to the Lease.

■ A basic flaw in Bootheel's argument is, as Interstate observes, that *Plaintiff*, and not Interstate or Transport, executed the release in question. The release states, in relevant part:

> That the Undersigned, LESTER REID, ... does hereby for myself and for my heirs, executors, administrators, successors and assigns release, acquit and forever discharge RONALD MAYS, Individually, RONALD J. MAYS d/b/a BOOTHELLE TRANSPORTATION, AND INTERSTATE EXPRESS, INC., a corporation and his, her, their, or its agents, servants, successors, heirs, executors, administrators, officers, directors and employees and insurers, and all other persons ... from any and all claims. . . .

Exhibit 1 to Bootheel's motion to dismiss, filed July 6, 1990, at 1.

The other release relevant to the underlying suit by Reid is a release given Transport by West Bend Mutual, Reid's insurer and subrogee. Exhibit 2 to Bootheel's motion to dismiss, filed July 6, 1990. That document identifies no one other than West Bend who is releasing Transport from liability. Therefore, under these two releases, only Reid and Reid's subrogee have released Bootheel and Transport from liability. The release Reid executed also contained a clause generally reserving the rights to contribution and indemnity of those on whose behalf the settlement payment was made. The court finds that neither of the two releases bars Interstate's

claim for indemnity against Bootheel. Therefore, the court denies Bootheel's motion to dismiss.

■ In *Alsup v. Firestone Tire & Rubber Co.*, the Illinois Supreme Court held that a joint tort-feasor not specifically identified in a release is not discharged from liability. 101 Ill.2d 196, 77 Ill.Dec. 738, 461 N.E.2d 361 (1984). Under *Alsup,* Bootheel would not be discharged from liability, because the release does not specifically identify Bootheel as a party discharged from liability. However, *Alsup* is not relevant here, because Interstate's claim against Bootheel is an action for express contractual indemnity, not for contribution. The Illinois Contribution Act, Ill.Rev.Stat. ch. 70, para. 301–305 (1989), does not affect express indemnity, because express indemnity is based on a contractual arrangement. *Dixon v. Northwestern Publishing Co.,* 166 Ill.App.3d 745, 117 Ill.Dec. 581, 520 N.E.2d 932 (1988). The Illinois Supreme Court has stated that the Illinois Contribution Act abolishes the implied indemnity doctrine, but does not affect claims for indemnity based on express agreements. *Allison v. Shell Oil Co.,* 113 Ill.2d 26, 99 Ill.Dec. 115, 495 N.E.2d 496 (1986).

■ The second point of Bootheel's argument is that Transport has no standing to sue because it was not a party to the Lease. Illinois courts have uniformly held that an indemnitee's subrogee has the right to recover the amount the subrogee has paid on behalf of the indemnitee. *Spurr v. LaSalle Constr. Co.,* 385 F.2d 322, 331 (7th Cir.1967); *see also Travelers Ins. Co. v. Robert R. Anderson Co.,* 112 Ill.App.3d 812, 68 Ill.Dec. 336, 445 N.E.2d 1189 (1983). Therefore, the court finds that Interstate may properly bring this suit in the interest of itself and of Transport, Interstate's subrogee, and rejects Bootheel's argument that Transport has no standing.

*Bootheel's Motion for Summary Judgment*

This court will not grant any summary judgment motion unless all of the pleadings and supporting documents, if any, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Fitzsimmons v. Best,* 528 F.2d 692, 694 (7th Cir.1976). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The district court, however, is not required to evaluate every conceivable inference that can be drawn from evidentiary matters, but only reasonable ones. *Parker v. Federal Nat'l Mortgage Ass'n,* 741 F.2d 975, 980 (7th Cir.1984).

■ Bootheel argues that it is entitled to summary judgment because the Lease's indemnification clause is inconsistent with the Lease as a whole. Alternatively, Bootheel argues, if the indemnification clause is found valid, then Bootheel should be required to pay Interstate only the amount of Interstate's deductible, and not the amount that Transport paid in the settlement with Reid. Interstate has conceded that it should not recover its own or Transport's expenses (termed "allocated adjustment expenses") in defending Reid's claim.

The parties have stipulated that Interstate prepared the Lease. Although any ambiguity in a contract is to be construed most strictly against the contract's maker, *Allsopp Sand & Gravel, Inc. v. Lincoln Sand & Gravel Co.,* 171 Ill.App.3d 532, 121 Ill.Dec. 878, 525 N.E.2d 1185 (1988), this is to be done only *if necessary. Id.* The court must first, in resolving contract ambiguity, attempt to give reasonable effect to the contract as a whole. *Id.* Strict construction of indemnity contracts depends on the clarity of the contract language, the nature of the relationship the contract establishes, and the concern for public welfare and policy. *Patton v. T.O.F.C., Inc.,* 79 Ill.App.3d 94, 34 Ill.Dec. 638, 398 N.E.2d 313 (1979).

The Lease required Interstate to carry liability insurance for the benefit of the

public, Interstate, and Bootheel. The Lease also required Interstate to maintain full common carrier responsibility for, and exclusive direction and control over the leased tractor and trailer. These requirements are consistent with Interstate Commerce Commission (ICC) regulations. Their presence in the Lease is neither surprising nor inconsistent with the Lease's indemnity clause.

The Supreme Court's holding in *Transamerican Freight Lines* is applicable to this case. In *Transamerican,* the Court held that a clause in a trip lease which required the lessor to indemnify the lessee for the driver's negligence did not conflict with other provisions of the lease which followed ICC regulations requiring a lessee to assume full operational control and responsibility over a leased vehicle. *Transamerican Freight Lines, Inc. v. Brada Miller Freight Sys., Inc.,* 423 U.S. 28, 40, 96 S.Ct. 229, 235, 46 L.Ed.2d 169 (1975). The Court noted that the ICC regulations do not expressly prohibit an indemnification provision in a lease agreement, and that the regulations neither sanction nor forbid such a provision. *Id.* Therefore, under this portion of the *Transamerican* holding, the indemnification provision in the Lease is not in conflict with the Lease provision requiring Interstate, the lessee, to assume operational responsibility and control for the leased tractor and trailer.

The remaining question for the court is whether the indemnification provision conflicts with the Lease's requirement that Interstate carry liability insurance. The ICC regulations require that licensed interstate trucking carriers file with the ICC a bond, insurance policy, or other approved security sufficient to pay a final judgment for injury or death resulting from negligent operation of the leased vehicle. 49 U.S.C. § 10927 (1988). Thus, the insurance requirement in the Lease is consistent with the ICC's insurance requirement for Interstate, which is a certified interstate trucking carrier licensed by the ICC. Just as in *Transamerican,* the requirement in the Lease represents something which would have been a requirement for Interstate under ICC regulations. There is no evidence that the indemnification provision impinges on the ICC insurance regulations.

In *Rome v. Commonwealth Edison Co.,* an Illinois court held that a contractual obligation to obtain insurance did not negate a contractual obligation to indemnify the insured party. 81 Ill.App.3d 776, 36 Ill.Dec. 894, 401 N.E.2d 1032 (1980). There, the court noted that the contract contained no indication that the parties intended the procurement of insurance to relieve the indemnitor of liability to the indemnitee. *Id.* Here, as well, the Lease contains no indication that the parties intended that Interstate's compliance with the insurance provision in the Lease would negate the Bootheel's duty to indemnify Interstate under the indemnification clause of the Lease. Reviewing the Lease as a whole, the court finds that the insurance, operational control and responsibility, and indemnification provisions of the Lease are consistent, and all can be given effect together. Therefore, the court rejects Bootheel's argument that the indemnification clause in the Lease is unenforceable, and the court denies Bootheel's motion for summary judgment.

*Interstate's Motion for Summary Judgment*

■ Interstate argues that it is entitled to summary judgment because of the indemnification provision in the Lease, which reads: "LESSOR HEREBY ... Agrees to indemnify Lessee against (1) any loss resulting from the injury or death of such driver(s) and (2) any loss or damage resulting from the negligence, incompetence or dishonesty of such driver(s)." Exhibit 1 to Stipulation, filed Aug. 16, 1990. The Lease also stated, "the Lessor shall furnish the driver." *Id.* The driver under this Lease was Mays.

As discussed in the previous section, the court finds that the indemnification clause is enforceable and consistent with the terms of the Lease as a whole. The Lease's requirements that Interstate carry liability insurance, and that Interstate assume operational control over and responsibility for the leased tractor and trailer, do

not relieve Bootheel's contractual obligation to indemnify Interstate for loss or damage resulting from Mays's negligence or incompetence.

Neither party has argued that the settlement monies paid fall outside the condition precedent for indemnity under the Lease, "loss or damage resulting from the negligence, incompetence, or dishonesty" of driver Mays. A party seeking indemnity, Interstate in this case, need not obtain a judicial determination that it is liable to Reid, the injured party. *N.E. Finch Co. v. R.C. Mahon Co.*, 54 Ill.App.3d 573, 12 Ill. Dec. 537, 370 N.E.2d 160 (1977). The indemnitor, Bootheel in this case, cannot question the amount of the settlement, absent a showing of fraud or collusion. *Id.* Therefore, the court will not question Interstate's liability to Reid, nor the amount of the settlement resulting from Reid's claim.

As described above, Interstate's insurer and subrogee, Transport, has a claim in this third-party action. Further, the fact that Interstate was insured, and that the insurer rather than Interstate actually paid a portion of the settlement, does not alter the total amount of liability for which Bootheel must provide indemnity. Therefore, the court grants Third Party Plaintiff Interstate's motion for summary judgment. The court orders that Interstate is entitled to a judgment of $35,000 for its own use (the amount of its deductible), and also of $52,040.54 for the use of Interstate's subrogee, Transport (the amount which Transport paid, beyond the deductible).

## CONCLUSION

For the reasons stated in this Order, the court denies Third Party Defendant Bootheel's motions to dismiss and for summary judgment, and grants Third Party Plaintiff Interstate's motion for summary judgment. Further, the court enters a judgment of $35,000.00 in favor of Interstate for Interstate's own use, and a judgment of $52,-040.54 in favor of Interstate for the use of Transport, Interstate's subrogee.