(No. 43362.─

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WILLIAM TAYLOR, Appellant.

*Opinion filed Sept. 30, 1971.—Modified on denial of rehearing
January 27, 1972.*

SAM ADAM, EDWARD M. GENSON, and R.
EUGENE PINCHAM, all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and EDWARD V. HANRAHAN, State's Attorney,
of Chicago, (Robert A. NOVELLE and JAMES VELD-
MAN, Assistant State's Attorneys, of counsel,) for the
People.

MR. JUSTICE RYAN delivered the opinion of the
court:

In this case we have heretofore granted defendant's
petition for leave to appeal from a decision of the
Appellate Court for the First District. 124 Ill.App.2d 268.

On November 12, 1968, a search warrant was issued for the defendant's residence which was searched pursuant to the warrant and a quantity of narcotic drugs seized. The defendant was arrested and charged with unlawful possession of narcotic drugs. On December 2, 1968, a judge of the circuit court of Cook County pursuant to motion made by the defendant entered an order quashing the search warrant and suppressing the evidence seized. Thereafter, on December 16, 1968, the grand jury of Cook County returned an indictment against the defendant charging him with unlawful possession of a narcotic drug. This indictment involves the same circumstances and the same evidence as were involved in the previous proceeding. After indictment the defendant again moved to suppress the evidence on the basis of the previous order quashing the search warrant and suppressing the evidence contending that the question had been previously adjudicated, that no appeal had been taken therefrom by the State and the ruling was therefore binding on the trial court. The trial court sustained the defendant's motion holding that the previous ruling was binding. The State appealed directly to this court and we transferred the same to the appellate court because, although the order was appealable under Supreme Court Rule 604, it was not a final judgment and we had no jurisdiction on direct appeal. See *People v. Lerch, 34 Ill.2d 305.*

The appellate court reversed the trial court, holding that the order quashing the search warrant and suppressing the evidence at the preliminary hearing was not binding on the trial court. We granted defendant's petition for leave to appeal.

A similar question was presented to this court in *People ex rel. MacMillian v. Napoli, 35 Ill.2d 80,* in which case a pre-indictment motion to suppress evidence was allowed. Subsequently the trial judge ruled that the suppression order was not binding in the criminal trial. In

an original *mandamus* action this court held that the suppression order was binding. At that time, section 114—12(b) of the Code of Criminal Procedure (Ill.Rev. Stat. 1963, ch. 38, par. 114—12(b)) provided that if a pretrial motion to suppress evidence is granted, the evidence suppressed under such order shall not be admissible in evidence against the movant at any trial. This court stated that if the People were not content with an order granting a motion to suppress they had a right to appeal therefrom under Supreme Court Rule 27 then in effect (Ill.Rev.Stat. 1965, ch. 110, par. 101.27). That rule provided: "In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing an indictment, information, or complaint; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." The same provisions are now incorporated with minor changes in language in our present Rule 604.

In *People v. Quintana, 36 Ill.2d 369,* at a preliminary hearing the defendant moved for and was granted a discharge because of a violation of his right to a speedy trial. The State's Attorney then secured an indictment charging the defendant with the same offense. This court held that the order for discharge at the preliminary hearing was an appealable order under Supreme Court Rule 604 and was not subject to later review by the trial court.

In 1967 after the decisions in the above two cases, the General Assembly amended section 109—3 of the Code of Criminal Procedure (Ill.Rev.Stat. 1967, ch. 38, par. 109—3) by adding thereto subparagraph (e) as follows:

"During preliminary hearing or examination the defendant may move for an order of suppression of evidence *** and may move for dismissal of the charge ***. If any such order of suppression of evidence or dismissal of the charge is allowed and issued in the course of any preliminary hearing or examination, such order of suppression or of dismissal shall be nonfinal, the State may

not appeal therefrom, and such order of suppression or of dismissal shall not in any manner bar, affect or be determinative in any subsequent proceedings."

Also in 1967 the General Assembly amended section 114—12(b) of the Code of Criminal Procedure which the court relied on in *People ex rel. MacMillian* by adding thereto the following: "except that, if the order suppressing evidence is nonfinal according to Section 109—3 of this Act, the property shall not be restored and shall not because of such order be inadmissible in evidence at any proceeding other than such preliminary hearing or examination."

In our case the State contends that because of the amendments to section 109—3 and 114—12(b) the order of suppression at the preliminary hearing was not an appealable order and was not binding on the trial court. The defendant contends that section 109—3(e) making such an order nonappealable violates section 7 of article VI of the constitution of Illinois, which provides that the Supreme Court may provide by rule for appeals to the appellate court from other than final judgments of the circuit court. The defendant contends that since the Supreme Court has in Rule 604 provided for appeals from orders suppressing evidence, the General Assembly is without authority to declare that such orders entered at a preliminary hearing are not appealable. We agree with the defendant's contention and hold that the provision of section 109—3(e) of the Code of Criminal Procedure which provides that the State may not appeal from an order of suppression of evidence or dismissal of a charge allowed and issued in the course of a preliminary hearing or examination violates section 7 of article VI of the constitution of Illinois 1870 as amended.

Article VI became effective on January 1, 1964. It contains references to the rule-making power of this court in sections 2, 5 and 7. Only in section 5 does the constitution grant to the General Assembly any right to participate in the rule-making procedure where it is

provided: "Subject to law hereafter enacted the Supreme Court has authority to provide by rule for appeal in other cases from the circuit courts directly to the Supreme Court." Section 7 covers the subject matter of instant concern and provides: "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court." By this section the constitution vests in the Supreme Court sole authority to provide by rule for appeals to the appellate court from other than final judgments. Pursuant to this authority this court has adopted Rule 604 which provides for appeals from orders the substantive effect of which results in the dismissing of a charge for grounds enumerated in section 114—1 of the Code of Criminal Procedure; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence. Accordingly that portion of section 109—3(e) of the Code of Criminal Procedure which declares that the State may not appeal from the interlocutory orders referred to therein is void. See *People ex rel. Stamos v. Jones, 40 Ill.2d 62.*

The order quashing the search warrant and suppressing the evidence was therefore an appealable order. The State elected not to appeal. Under the rationale of *People ex rel. MacMillian* and *Quintana* the State cannot now have this order reviewed by another trial judge. Regardless of the changes made by the 1967 amendment to section 114—12(b) to the effect that an order of suppression at a preliminary hearing does not render the evidence inadmissible in other proceedings, the State, not having appealed from the previous order, cannot now retry the issues therein decided.

The decision of the Appellate Court, First District, is reversed and the order of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*