THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HECTOR DURRUTY, Defendant-Appellee.

(No. 57805; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—March 13, 1974.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and James B. Haddad, Assistant State's Attorneys, of counsel), for the People.

Allan A. Ackerman, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Hector Durruty, the appellee in the instant appeal (hereinafter referred to as defendant), was arrested on September 21, 1970, and charged with possession of a narcotic drug. At the preliminary hearing in the Circuit Court of Cook County, before Judge James A. Geocaris, a motion to suppress physical evidence was made. Defendant alleged that the evidence had been seized in violation of his rights under the fourth amendment of the United States Constitution. An evidentiary hearing was held by Judge Geocaris after which the motion to suppress was denied. Judge Geocaris further found that there was probable cause to believe that the defendant had committed the offense charged and the defendant was bound over to the grand jury. Following defendant's indictment for unlawful possession of heroin and of cocaine, the case was assigned to Judge Kenneth Wendt for trial. A petition for substitution of judges was filed by defendant and the case was then assigned to Judge George E. Dolezal. On December 15, 1971, defendant made ·a motion to suppress physical evidence before Judge Dolezal. By agreement of defendant and the State, Judge Dolezal heard no new evidence but reviewed the evidence presented on the motion to suppress taken at the preliminary hearing. After his review of this evidence, Judge Dolezal reversed the ruling of Judge Geocaris at the preliminary hearing and granted defendant's motion to suppress the physical evidence. On January 14, 1972, the State filed a notice of appeal from the order granting the motion to suppress and brings this appeal before this court pursuant to Illinois Supreme Court Rule 604(a). Ill. Rev. Stat. 1971, ch. 110A, sec. 604(a).

It is the State's contention that the trial judge is obligated to follow a ruling of a preliminary hearing judge who has heard and denied a motion to suppress physical evidence. The State argues that the issue was *res judicata* and, therefore, that Judge Dolezal could not properly grant the motion to suppress.

This issue is clearly controlled by several recent decisions of the Illinois Supreme Court. These decisions are discussed in *People v. Holland*, 56 Ill.2d 318, 307 N.E.2d 380. In that appeal both defendants had made motions to suppress evidence at their preliminary hearings. The motions were denied in each case and later made again before the trial judges. The trial judges denied the motions on the grounds that ruling of the judge at the preliminary hearing was binding at trial. In affirming these decisions, as well as those of the appellate court upholding them, the supreme court stated as follows, at page 321;

"In reaching their respective decisions that the motions to

suppress, having been denied at preliminary hearings could not be renewed at trial, the appellate and circuit courts concluded that our decision in *People v. Taylor*, 50 Ill.2d 136, required them to so hold. *Taylor* did not present the question here considered; it involved the converse and clearly distinguishable situation which resulted from the allowance of a motion to suppress. The rule applicable here was enunciated in our recent cases of *People v. Hopkins*, 52 Ill.2d 1, and *People v. Armstrong*, 56 Ill. 2d 159, but in these cases, as in *Hopkins*, there has been no suggestion of exceptional circumstances or any evidence in addition to that submitted upon the first hearing which had become available for submission in connection with the motion to suppress. (52 Ill.2d 1, at 4.) Although the trial courts erred in holding that they were without jurisdiction to consider the motions, because of the absence of an offer of proof to show that additional evidence was to be offered or the existence of special circumstances, no error is shown which requires reversal."

In the instant appeal, no new evidence or "special circumstances" were presented that would have justified the granting of the motion to suppress by the trial judge. "[T]he doctrine of collateral estoppel bars the relitigation of an order sustaining the validity of a search, in absence of additional evidence or peculiar circumstances * * *." (*People v. Armstrong, supra,* discussing the opinion of the court in *People v. Hopkins, supra.*) While it would have been proper for the trial judge to hear a motion to suppress evidence to afford defendant the opportunity to present new evidence or demonstrate other changed circumstances, it was error to reverse the ruling of the judge at the preliminary hearing based solely on a review of the evidence presented there.

For the above stated reasons, the order of the Circuit Court of Cook County, granting defendant's motion to suppress physical evidence is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

BURMAN and JOHNSON, JJ., concur.