THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRELL McGEE, Defendant-Appellant.

Fifth District   No. 5—91—0878

Opinion filed June 7, 1993.

Daniel M. Kirwan and Stanley P. Stasiulis, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Terrell McGee was originally tried before a jury for armed robbery and unlawful possession of a weapon by a felon. Prior to that trial, Judge Edward Ferguson granted a defense motion *in limine* and prohibited evidence of defendant's refusal to appear in a lineup and defendant's response to that request. The court subsequently declared a mistrial due to a hung jury.

The case was set for retrial before Circuit Judge Charles Romani, and defendant waived his right to a jury trial. Defense counsel presented the same motion *in limine* that was presented in the first trial, and the motion was denied. Defendant was convicted of armed robbery and sentenced to 20 years' imprisonment. He appeals, raising one issue: whether Judge Romani erred in denying the motion *in limine*. We affirm.

Defendant asserts that the State's failure to appeal the order granting defendant's motion *in limine* in the first trial via Supreme Court Rule 604(a) (134 Ill. 2d R. 604(a)) amounted to an abandonment of that issue and that the court at the second trial was estopped from reconsidering the motion.

Before addressing defendant's issue, we must address the State's contention that the defendant has waived any alleged errors by not asserting them in a written post-trial motion for a new trial.

■ Ordinarily, a defendant must object to an error at trial and include the objection in a post-trial motion in order to preserve it for review on appeal. (*People v. Mullen* (1990), 141 Ill. 2d 394, 401, 566 N.E.2d 222, 226.) Section 116—1 of the Code of Criminal Procedure of 1963 requires that a written motion for a new trial specifying the grounds therefor shall be filed by the defendant within 30 days following the return of the verdict. (725 ILCS 5/116—1 (West 1992).) The filing of a post-trial motion is applicable to a bench trial as well as a jury trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 187-88, 522 N.E.2d 1124, 1130; *People v. Johnson* (1991), 214 Ill. App. 3d 1087, 574 N.E.2d 225.) However, the plain error rule may be invoked when a defendant has not properly preserved an error for review, where the evidence is closely balanced, or where the alleged error may have adversely affected the defendant's right to a fair and impartial trial. (*People v. Mullen* (1990), 141 Ill. 2d 394, 566 N.E.2d 222; *People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) In this case the evidence objected to tends to implicate the defendant as the perpetrator of the armed robbery. Given the nature of the evidence objected to and the possibility that if erroneously admitted it could have prevented the defendant from receiving a fair trial, we will consider the issues defendant has raised on appeal.

Defendant relies on *People v. McBride* (1983), 114 Ill. App. 3d 75, 448 N.E.2d 551, and *People v. Circella* (1972), 6 Ill. App. 3d 214, 285 N.E.2d 254, for the proposition that the State's failure to appeal under Rule 604(a) constitutes a bar to further consideration of the propriety of the trial court's ruling by another judge of that court in a later proceeding. *McBride* and *Circella* relied on *People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878, as authority for this rule. *Taylor* states:

> "At that time, section 114—12(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, ch. 38, par. 114—12(b)) provided that if a pretrial motion to suppress evidence is granted, the evidence suppressed under such order shall not be admissible in evidence against the movant *at any trial.*" (Emphasis added.) (*Taylor*, 50 Ill. 2d at 138, 277 N.E.2d at 879-80.)

We believe *Taylor*, the underpinning for *McBride* and *Circella*, can be distinguished because it is based upon evidence excluded under section 114—12:

> "Motion to Suppress Evidence Illegally Seized. (a) A defendant aggrieved by an unlawful search and seizure may move the court for the return of property and to suppress as evidence anything so obtained on the ground that:

(1) The search and seizure without a warrant was illegal; or

(2) The search and seizure with a warrant was illegal because the warrant is insufficient on its face; the evidence seized is not that described in the warrant; there was not probable cause for the issuance of the warrant; or, the warrant was illegally executed." 725 ILCS 5/114—12 (West 1992).

A Rule 604(a) appeal involving a section 114—12 suppression of evidence is based solely on the misconduct of the government in obtaining that evidence. Under such circumstances it is understandable that the supreme court would take a more draconian attitude toward the State's responsibility to appeal from such an order. *Taylor*, *People v. Williams* (1990), 138 Ill. 2d 377, 563 N.E.2d 385, and the series of cases cited therein all involve rulings based on section 114—12. In cases that do not come under section 114—12, but which instead deal with material that is excluded on an evidentiary basis such as hearsay or relevancy, we do not feel the same approach is warranted. Instead, we conclude that in such cases a less stringent rule is appropriate. We note that in the instant case the basis of the appeal could not have been section 114—12, the provision invoked in *Taylor*. Instead, the State's appeal would have been based on the provision in Rule 604(a) allowing for an interlocutory appeal from an order the substantive effect of which results in dismissing a charge for suppression of evidence:

"In criminal cases the State *may* appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or *suppressing evidence*." (Emphasis added.) 134 Ill. 2d R. 604(a).

In the civil arena it is generally recognized that a new trial is a trial *de novo*, and the subsequent trial judge is not bound by findings of her or his predecessor. (*Jones v. Petrolane-Cirgas, Inc.* (1989), 186 Ill. App. 3d 1030, 542 N.E.2d 1186; *In re Application of Kane County Collector* (1985), 135 Ill. App. 3d 796, 482 N.E.2d 161; *Travelers Insurance Co. v. Robert R. Anderson Co.* (1983), 112 Ill. App. 3d 812, 445 N.E.2d 1189.) Likewise, in a criminal context, there is support for the proposition that on a new trial an action should be tried *de novo*. (See *People v. Brown* (1991), 222 Ill. App. 3d 703, 713, 584 N.E.2d 355, 362; *People v. Boose* (1980), 85 Ill. App. 3d 457, 460, 406 N.E.2d 963, 965.) We see no reason to abandon this general rule, but some limitation may be warranted. The trial judge in the second trial

should not cavalierly reverse rulings imposed in the first trial. The trial judge has the right to review the order if she or he believes it is erroneous, and she or he is obligated to do so if changed circumstances make the prior order unjust. (Cf. Balciunas v. Duff (1983), 94 Ill. 2d 176, 446 N.E.2d 242; Peoples Gas Light & Coke Co. v. Austin (1986), 147 Ill. App. 3d 26, 497 N.E.2d 790.) A prior order should be amended or reversed only after careful consideration, particularly where there is evidence of "judge shopping" by the party who has received an adverse ruling. See People v. DeJesus (1989), 127 Ill. 2d 486, 494, 537 N.E.2d 800, 804.

■ Contrary to defendant's assertions that defense counsel may have been ineffective for submitting a new motion in limine at the second trial, we find that, given the procedural posture of the new trial following the mistrial in this case, defense counsel acted properly in submitting a new motion in limine. Furthermore, we cannot find that the State abandoned its right to maintain a position with regard to the motion in limine at the second trial. It has not been alleged, nor is it evident in the record, that this is a case of "judge shopping." On the contrary, given the fact that the first trial resulted in a mistrial due to a hung jury, it appears merely fortuitous that the State was given a "second chance" to contest the pretrial motion in limine. As to whether Judge Romani properly exercised his authority in denying the motion in limine, we turn to the issue of whether the ruling on the merits of the motion was proper.

■ During pretrial proceedings before Judge Romani, defendant advised the court that he wished to proceed without a jury.

Defendant argues that because of Judge Romani's ruling defendant waived his right to a jury on retrial. Based on the record, we find this argument to be without merit.

Section 103—6 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103—6 (West 1992)) states that an accused has a right to a jury trial unless he or she understandingly waives that right. Trial courts have the duty of insuring that a defendant's waiver of his right to a jury trial is made expressly and understandingly. (People v. Steiger (1991), 208 Ill. App. 3d 979, 981, 567 N.E.2d 660, 661.) There is no set formula for determining whether this waiver was made knowingly and understandingly; therefore, the determination necessarily turns on the facts of each case. People v. Frey (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195, 197.

Once the defendant expressed his desire to proceed without a jury, the trial court engaged defendant in the following discourse:

"THE COURT: You want a bench trial?

DEFENDANT McGEE: I believe I want a Bench Trial.

THE COURT: So you are requesting at this time to waive your right to a Jury Trial?

DEFENDANT McGEE: Yes.

THE COURT: Mr. McGee, I am going to explain a few things to you so you understand, so we have this on the record. You have a right to have a Jury Trial, you know that?

DEFENDANT McGEE: Yes.

THE COURT: That is a Jury of twelve people.

DEFENDANT McGEE: Yes.

THE COURT: And when the evidence is presented to those twelve people, the verdict must be unanimous and must, in other words, for them to find you guilty, all twelve would have to go guilty. For them to find you not guilty, all twelve would have to go not guilty. Do you understand that?

DEFENDANT McGEE: Yes.

THE COURT: Now, in a Non-Jury Trial, there is a Judge. One person, that is a Judge. So there is only one vote. You understand that?

DEFENDANT McGEE: Yes.

THE COURT: The Judge could find you guilty, find you not guilty, there is only one person. Do you understand that?

DEFENDANT McGEE: Yes.

THE COURT: You are charged with Armed Robbery, and you understand what you are charged with? You understand the charge?

DEFENDANT McGEE: Yes, sir.

THE COURT: Do you understand the penalties? You could be sentenced to prison anywhere from six to thirty years if convicted?.

DEFENDANT McGEE: Yes.

THE COURT: If you have got a prior Class X, you could get an exhanced [sic] penalty, but the minimum, that would be six to thirty. But if convicted, you understand the minimum sentence is six?

DEFENDANT McGEE: Yes.

THE COURT: Have you discussed this with your Attorney about waiving a Jury? Have you talked to him about it?

DEFENDANT McGEE: Yes, sir.

THE COURT: Mr. Hunt?

MR. HUNT: Did I do anything to suggest that you waive this Jury Trial? Or was that your idea?

DEFENDANT McGEE: It is my own idea.

MR. HUNT: And I didn't do anything to try to force that idea on you, did I?

DEFENDANT McGEE: No, you didn't.

MR. HUNT: You made that choice of your own free will?

DEFENDANT McGEE: Yes.

THE COURT: Okay. Do you have any questions about anything I have just said to you, Mr. McGee?

DEFENDANT McGEE: No, I don't have no questions.

THE COURT: Again, you understand that by waiving your right to a Jury Trial, that there will only be one person making the decisions instead of twelve?

DEFENDANT McGEE: Yes, I feel that the basics of this case are that the Judge, you know, I need the Judge, you know, than the Jury, [sic] because Jurors from the street [sic] and they don't know, they don't know, you know.

THE COURT: Are you waiving your right to this Jury Trial? Are you doing this freely and voluntarily?

DEFENDANT McGEE: I am doing this freely.

THE COURT: Are you doing it on your own?

DEFENDANT McGEE: Yes.

THE COURT: No one has forced you to do this?

DEFENDANT McGEE: No, they have not.

THE COURT: Has anyone threatened you, tell you, Mr. McGee, you have got to waive a Jury Trial? Anybody threaten you?

DEFENDANT McGEE: No.

THE COURT: Anybody promise you anything to get you to waive a Jury Trial?

DEFENDANT McGEE: No.

THE COURT: So you are doing this on your own?

DEFENDANT McGEE: Yes.

THE COURT: You made this decision on your own?

DEFENDANT McGEE: Yes, sir.

THE COURT: Mr. Rybak?

MR. RYBAK: I have nothing.

THE COURT: Okay. Then on the record, Mr. McGee, your waiver of Jury Trial will be granted. We will proceed Non-Jury tomorrow. We are not going to start today."

Contrary to defendant's assertion, there is nothing to demonstrate that a reason for defendant's choosing to proceed with a bench trial was the court's denial of defendant's motion *in limine*.

Defendant also contends that the denial of his motion *in limine* was error because evidence of his refusal to participate in the lineup was irrelevant and prejudicial. Defendant maintains that his refusal to submit to the lineup was not relevant to any issue at trial and that the prejudice to him outweighed any probative value.

■ We begin with the premise that the admission of identification evidence from a lineup does not violate a defendant's fifth amendment privilege not to be compelled in a criminal case to be a witness against himself. (*United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; see also *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.) As a general rule, because the identification procedure of a lineup is not protected by the fifth amendment, there is no right to refuse to participate and the act of refusal is not itself a compelled communication. *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; see also *South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916.

■ Notwithstanding the fact that participation in a lineup is not protected by the fifth amendment, defendant argues that the prejudicial impact of evidence that he refused to participate constitutes reversible error. Defendant cites *People v. Townes* (1985), 130 Ill. App. 3d 844, 474 N.E.2d 1334, and *People v. Kennedy* (1975), 33 Ill. App. 3d 857, 338 N.E.2d 414, as cases recognizing the prejudicial impact of such evidence. In *Townes*, the court held that the admission of evidence of defendant's refusal to comply with a search warrant to compel the taking of body specimens was error. The court found that the probative value of the evidence was greatly impaired because the search warrant was served immediately after defendant's arrest and defendant later submitted to the tests. In *Kennedy*, the defendant refused to give a voice exemplar. The court found that because defendant had been expressly advised that he had the right to remain silent and that anything he said could be used against him, it would be reasonable to conclude that defendant believed the voice sample would tend to establish his guilt. While *Townes* and *Kennedy* illustrate instances where the prejudicial impact of evidence outweighs its probative value, they are distinguishable from the case at bar.

In the present case defendant was in custody, charged with a narcotics offense, at the time he was asked to participate in the lineup on this armed robbery charge. Officer Waldrup had the jailer bring the defendant out of his cell and line up with four other participants. Defendant signed a lineup identification warning form which provided in part:

"1. Although you do not have a right to refuse to appear in a line-up, you do have a right to have a lawyer present when witness(es) to the crime view the line-up.

· * * *

4. I do not ask for a lawyer at the line-up and I am willing to appear in the line-up without a lawyer there to represent me."

Defendant inquired why the other four individuals had not been given a warning form to sign. Officer Waldrup informed the defendant that he was a suspect in an investigation. Then, according to Waldrup's testimony:

"He [the defendant] immediately responded to that that [sic], [']I haven't been selling any dope.['] He was there on a narcotics charge, and I told him that it was not a narcotics investigation, that it was an armed robbery investigation. At which time he blew up, became extremely upset and basically cursed at me and said he isn't going to participate in a physical line-up."

After defendant was informed that he was a suspect in an armed robbery that took place at a certain location, he refused to participate, retorting, "f*** [expletive deleted] that, I ain't going to be in no line-up."

It is within the discretion of the trial court to decide whether evidence is relevant and admissible, and its determination will not be reversed absent a clear abuse of discretion resulting in manifest prejudice to the defendant. (*People v. Hayes* (1990), 139 Ill. 2d 89, 130, 564 N.E.2d 803, 820.) Here, the trial court denied defendant's motion *in limine* but ruled that it would not allow the State to refer to any statement that defendant made regarding dope because that was evidence of another offense. As for the evidence that was admitted, the State submits that the defendant's refusal to participate in the lineup evidenced a consciousness of guilt. (See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §801.3, at 572-76 (5th ed. 1990).) Unlike *Townes* and *Kennedy*, given the circumstances in this case, we cannot find that the probative value of the evidence was outweighed by any prejudicial impact it may have had. Whether the probative value of evidence is outweighed by its prejudicial effect is a matter left to the sound discretion of the trial court. (*People v. Illgen* (1991), 145 Ill. 2d 353, 375, 583 N.E.2d 515, 524.) We cannot say as a matter of law that the probative value of the refusal-to-participate evidence was substantially outweighed by the danger of unfair prejudice.

As a final matter, defendant submits that the admission of his statement, "f*** [expletive deleted] that, I ain't going to be in no

line-up," is lacking in probative value. Defendant did not object to the admission of this statement at trial, nor was this issue included in a post-trial motion. Therefore, we conclude that the issue whether it was error to admit this statement is waived. See *People v. Friesland* (1985), 109 Ill. 2d 369, 488 N.E.2d 261.

For the reasons stated, we affirm the judgment of the circuit court of Madison County.

Affirmed.

WELCH and RARICK, JJ., concur.