919 N.E.2d 318 (2009)
235 Ill.2d 59
The PEOPLE of the State of Illinois, Appellee,
v.
Andre HOLMES, Appellant.
No. 106934.
Supreme Court of Illinois.
October 8, 2009.
*320 Edwin A. Burnette and Abishi C. Cunningham, Jr., Public Defenders of Cook County, Chicago (Eileen T. Pahl, Assistant Public Defender, of counsel), for appellant.
Lisa Madigan, Attorney General, Springfield, and Anita Alvarez, State's Attorney, Chicago (James E. Fitzgerald and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

OPINION
Justice KILBRIDE delivered the judgment of the court, with opinion.
This appeal involves the procedural framework governing interlocutory *321 appeals under Supreme Court Rule 604(a)(1) (210 Ill.2d R. 604(a)(1)), first recognized by this court in People v. Taylor, 50 Ill.2d 136, 277 N.E.2d 878 (1971). This framework, commonly referred to as the Taylor rule, requires a party seeking review of an order appealable under Rule 604(a)(1) to appeal or file a motion to reconsider within 30 days. People v. Williams, 138 Ill.2d 377, 394, 150 Ill.Dec. 498, 563 N.E.2d 385 (1990). An exception to the Taylor rule permits review beyond that time frame only when there is a material change in the facts that could not have been presented earlier with due diligence. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385. Defendant was charged with multiple counts of sexual assault. The circuit court of Cook County denied the State's motion in limine seeking to admit evidence of defendant's prior sex-crime convictions, and the State filed an interlocutory appeal under Rule 604(a)(1).
Rejecting defendant's jurisdictional challenge based on the Taylor rule, the appellate court majority applied the exception to the rule, reviewed the merits of the State's appeal, and reversed the trial court's exclusion of one of defendant's convictions. 383 Ill.App.3d 506, 507, 322 Ill.Dec. 126, 890 N.E.2d 1045. The dissenting justice argued the exception to the Taylor rule did not apply and, therefore, the State's appeal should have been dismissed on jurisdictional grounds. 383 Ill.App.3d at 519, 322 Ill.Dec. 126, 890 N.E.2d 1045 (Cunningham, J., dissenting).
Defendant appeals, challenging the majority's interpretation and application of the Taylor rule and its exception. Alternatively, defendant argues the appellate court erred when it reversed the trial court's order excluding evidence of one of his convictions. We hold the State's interlocutory appeal was barred by the Taylor rule and the appellate court therefore lacked jurisdiction. We vacate the appellate court's judgment and dismiss the appeal.

I. BACKGROUND
The State alleged that on December 28, 2002, the victim, J.B., and defendant, who were high school acquaintances, talked inside J.B.'s parked Ford Expedition. After J.B. told defendant she did not want to have a romantic relationship with him, defendant became "enraged," grabbed her neck, and choked her. Defendant told J.B. he had a knife and ordered her to remove her clothes. Defendant then forced J.B. to the backseat of his vehicle and sexually assaulted her.
After the assault, defendant threatened to kill J.B. if she refused to meet his father. Defendant took control of J.B.'s vehicle and drove her to his father's house, introduced her to his father, and told his father they planned to marry. Defendant then allowed J.B. to leave in her vehicle. J.B. immediately drove to a police station and reported the assault. After speaking to police officers, J.B. was taken to a hospital where she was examined and a sexual assault kit was completed. J.B. sustained vaginal tears consistent with a sexual assault and contusions and abrasions consistent with a physical assault. The following day defendant was arrested and J.B. identified him as her attacker in a police lineup. An analysis of J.B.'s sexual assault kit revealed DNA evidence matching defendant's DNA profile.
During pretrial proceedings, the State filed a motion in limine seeking to introduce evidence of defendant's 1996 conviction for attempted forcible rape and his 1994 conviction for sexual battery. At a hearing on the motion, defendant argued that evidence of his prior convictions would unfairly prejudice his case and its prejudicial *322 effect outweighed any probative value. Defendant further argued J.B. "had a previous false outcry of rape against a Cleveland Browns NFL football player" and was receiving child support payments from that individual.
Responding to the trial court's questioning, the State denied any knowledge of J.B. making a prior rape allegation because defendant had not yet provided his discovery. Defendant explained "[t]here's some sort of civil settlement for child support through this NFL player." Following the hearing, the trial court denied the State's motion and excluded the evidence of defendant's prior convictions.
Defendant later requested supplemental discovery from the State on the approximate dates and locations of any previous reports of assault, battery, sexual assault, or rape involving J.B., including any incident in Illinois or Ohio. In the State's answer to defendant's request, J.B. indicated the only report or case occurred in Ohio sometime between 1989 and 1992, and involved her then-boyfriend, D.C., who had punched J.B. in the face. J.B. reported the incident to police officers, and her boyfriend was arrested, but J.B. did not pursue a complaint.
Sometime after J.B. denied making a prior rape allegation, defendant obtained a police report showing J.B. claimed she had been raped in 1995. J.B. became pregnant as a result of the incident and gave birth to the child. J.B. also received child support payments from the man she accused of raping her. Defendant indicated he intended to cross-examine J.B. with this information.
After learning of J.B.'s prior rape allegation and defendant's intentions to impeach J.B. with that information, the State filed a motion to reconsider the trial court's earlier order excluding evidence of defendant's other crimes. The State's motion to reconsider was filed approximately 23 months after the original exclusion order. The State argued the trial court should reconsider its original order in light of the "newly tendered discovery" of J.B.'s prior rape allegation. Alternatively, the State argued if the trial court denied the motion to reconsider, it should also bar defendant from introducing evidence of J.B.'s prior rape allegation.
The trial court denied both the State's motion to reconsider and its request to bar evidence of J.B.'s prior rape allegation. The State then filed a certificate of substantial impairment and an interlocutory appeal under Rule 604(a)(1) (210 Ill.2d R. 604(a)(1)).
On appeal, the State argued the trial court erred as a matter of law and abused its discretion when it refused to admit evidence of defendant's other sex-crime convictions. Defendant responded the appellate court should dismiss the State's appeal for lack of jurisdiction under the Taylor rule because the State failed to appeal or seek reconsideration of the trial court's exclusion order within 30 days. Defendant alternatively asserted the trial court did not abuse its discretion when it excluded his prior convictions.
The appellate majority first found that a material change in the facts warranted application of the Taylor rule's exception to consider the State's interlocutory appeal. 383 Ill.App.3d at 514, 322 Ill.Dec. 126, 890 N.E.2d 1045. Although the majority rejected the State's position that evidence of J.B.'s prior rape allegation constituted a material factual change, it nevertheless sua sponte found that J.B.'s "denial" of her prior rape allegation constituted a material change in the facts sufficient to invoke the exception. 383 Ill.App.3d at 514, 322 Ill.Dec. 126, 890 N.E.2d 1045. In making this determination, the majority *323 concluded J.B.'s "failure to disclose a prior report of sexual assault, even after defendant filed supplemental discovery to uncover it, is relevant to her motive and bias in making the current allegation against defendant." 383 Ill.App.3d at 514, 322 Ill. Dec. 126, 890 N.E.2d 1045.
The majority then reviewed the trial court's exclusion of defendant's prior convictions and affirmed the exclusion of his 1996 conviction for attempted forcible rape, but reversed the exclusion of his 1994 conviction for sexual battery. 383 Ill.App.3d at 515-19, 322 Ill.Dec. 126, 890 N.E.2d 1045. The dissenting justice asserted the exception to the Taylor rule was inapplicable because J.B.'s denial of a prior rape allegation did not constitute a material change in the facts and the State failed to show due diligence. 383 Ill. App.3d at 519-20, 322 Ill.Dec. 126, 890 N.E.2d 1045 (Cunningham, J., dissenting).
We allowed defendant's petition for leave to appeal. 210 Ill.2d R. 315.

II. ANALYSIS
Defendant contends the appellate court improperly considered the State's interlocutory appeal because it was barred by the Taylor rule. Specifically, defendant asserts the State's motion to reconsider the exclusion order, filed almost two years after the order, was untimely, contravening the Taylor rule. Defendant further asserts the State failed to establish the necessary showing of due diligence and a material change in facts required to invoke the exception to the Taylor rule. Alternatively, defendant argues the appellate court erred when it reversed the trial court's exclusion of his 1994 conviction.
We first address defendant's jurisdictional challenge based on the Taylor rule and Rule 604(a)(1). As a preliminary matter, we reject defendant's position that the State forfeited its arguments supporting the majority's finding of jurisdiction by not raising them in the underlying proceedings. Forfeiture has no application here because the issue involves a jurisdictional question and we have an independent obligation to review it. People ex rel. Madigan v. Illinois Commerce Comm'n, 231 Ill.2d 370, 387, 326 Ill.Dec. 10, 899 N.E.2d 227 (2008). Thus, we will review the merits of the parties' respective claims.
The 1970 Illinois Constitution grants this court the exclusive and final authority to prescribe the scope of interlocutory appeals from any order or ruling that is not a final judgment. People v. Drum, 194 Ill.2d 485, 488, 252 Ill.Dec. 470, 743 N.E.2d 44 (2000). Thus, "`whether a particular order may be appealed [in an interlocutory appeal] depends solely upon our construction of our Rule 604(a)(1).'" Drum, 194 Ill.2d at 488, 252 Ill.Dec. 470, 743 N.E.2d 44, quoting People v. Young, 82 Ill.2d 234, 239, 45 Ill.Dec. 150, 412 N.E.2d 501 (1980). We review de novo the interpretation of a supreme court rule because it is a question of law. Drum, 194 Ill.2d at 488, 252 Ill.Dec. 470, 743 N.E.2d 44. Rule 604(a)(1) provides, in pertinent part, that the State in a criminal case may file an interlocutory appeal only from an order or judgment that has the substantive effect of suppressing evidence. 210 Ill.2d R. 604(a)(1).
At issue in this appeal is the Taylor rule, relating to interlocutory appeals under Rule 604(a)(1) (210 Ill.2d R. 604(a)(1)). In Taylor, this court recognized Rule 604 provides for appeals that have the substantive effect of dismissal of a charge. Taylor, 50 Ill.2d at 140, 277 N.E.2d 878. Consequently, we concluded that the State is barred from retrying issues previously considered by the trial court in a suppression order when the State did not timely appeal from that order. Taylor, 50 Ill.2d *324 at 140, 277 N.E.2d 878. The Taylor rule has been consistently applied to bar relitigation of appealable pretrial orders when no timely appeal or reconsideration is sought. See, e.g., Williams, 138 Ill.2d at 392, 150 Ill.Dec. 498, 563 N.E.2d 385 (citing cases).
In Williams, this court explained that the Taylor rule resembles the doctrine of res judicata, but the rule is nonetheless "a discrete rule of Illinois procedure." Williams, 138 Ill.2d at 392, 150 Ill.Dec. 498, 563 N.E.2d 385. Similar to res judicata, the Taylor rule is applicable only when the parties and the action are identical, and an appealable order was previously entered. Williams, 138 Ill.2d at 391, 150 Ill.Dec. 498, 563 N.E.2d 385. Based on the similarity to res judicata, the Taylor rule applies to prior orders per se and is therefore not limited to issues actually considered, but also covers any issues that could have been raised in the earlier proceeding. Williams, 138 Ill.2d at 392, 150 Ill.Dec. 498, 563 N.E.2d 385.
To avoid application of the Taylor rule's bar, a party seeking review of an order appealable under Rule 604(a)(1) must timely appeal or file a motion to reconsider within 30 days. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385, quoting People v. Heil, 71 Ill.2d 458, 461-62, 17 Ill.Dec. 673, 376 N.E.2d 1002 (1978). This court has emphasized that the Taylor rule does not prevent a party from seeking correction of any alleged error through a timely filed motion. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385, citing Heil, 71 Ill.2d at 461, 17 Ill.Dec. 673, 376 N.E.2d 1002.
An exception to the Taylor rule, however, allows review outside those parameters when there is a material change in the facts. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385. Specifically, the exception requires a showing of a material change in the facts that, with due diligence, could not have been presented during previous proceedings. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385.
Here, the record shows the State did not file an appeal from the order excluding evidence of defendant's other crimes and the State's motion to reconsider the order was untimely filed almost two years after the original order. Consequently, the Taylor rule operates to bar the State's interlocutory appeal unless the exception applies. We must, therefore, determine whether the exception applies in this case.
After the trial court entered its order excluding evidence of defendant's other sex-crime convictions, J.B. submitted supplemental discovery denying a prior rape allegation. Thereafter, defense counsel obtained a police report rebutting J.B.'s denial and indicated defendant's intention to cross-examine J.B. with it. Only then did the State file its untimely motion to reconsider. In our view, neither J.B.'s denial of the prior rape allegation nor defense counsel's acquisition of the police report constitute a material change in the facts. To the contrary, both are related to the allegation that J.B. previously accused another man of raping her, an allegation the State was aware of during the original hearing. Simply put, the entire controversy underlying this appeal revolves around J.B.'s prior rape allegation, information unchanged since defense counsel first raised the issue during pretrial proceedings. See Williams, 138 Ill.2d at 391, 150 Ill.Dec. 498, 563 N.E.2d 385 (as with res judicata, the Taylor rule applies to any issues that could have been raised in earlier proceedings).
Furthermore, even assuming there was a material change of facts in this case, the Taylor rule's exception is still inapplicable *325 because the State failed to demonstrate due diligence. The State was put on notice of J.B.'s prior rape allegation at the original pretrial hearing when defense counsel claimed J.B. had previously accused an NFL football player of raping her. Thus, the State was aware of a prior allegation from the outset of the proceedings. Despite this early notice, the State apparently did not investigate the matter further, even though the State now claims the information is material to its case. Considering defendant's success in obtaining the police report detailing J.B.'s prior allegation, and the State's lack of investigation into it, the State has not demonstrated due diligence in attempting to verify defendant's claim.
For these reasons, we conclude the State failed to show a material change in facts that could not have been presented earlier with due diligence. Accordingly, we necessarily find the Taylor rule's exception does not apply and the Taylor rule barred the State's interlocutory appeal.
Nonetheless, the State urges this court to "adopt a more flexible standard than that of the limited Taylor procedural framework when pretrial discovery is ongoing in a criminal case." The State argues the rule should be limited to instances when a suppression order has been entered based on the State's wrongful conduct but not when, as here, evidence is excluded based on evidentiary considerations. According to the State, because the Taylor rule's 30-day window for reconsideration is unreasonably narrow when evidence is excluded on a probative or prejudicial basis during pretrial proceedings, a trial court should be permitted to reconsider such evidentiary rulings at any time prior to trial. In support of its argument, the State cites the appellate court's decisions in People v. Childress, 338 Ill. App.3d 540, 273 Ill.Dec. 430, 789 N.E.2d 330 (2003), and People v. McGee, 245 Ill. App.3d 703, 185 Ill.Dec. 635, 614 N.E.2d 1320 (1993). Alternatively, the State argues the appellate court properly reviewed its appeal under the revestment doctrine or Supreme Court Rule 366(a)(5) (155 Ill.2d R. 366(a)(5)).
This court has previously held that the term "suppressed evidence," as used in Rule 604(a)(1), means more than just wrongfully obtained evidence. People v. Phipps, 83 Ill.2d 87, 90-91, 46 Ill.Dec. 164, 413 N.E.2d 1277 (1980), citing People v. Young, 82 Ill.2d 234, 242-43, 45 Ill.Dec. 150, 412 N.E.2d 501 (1980); see also Drum, 194 Ill.2d at 489-90, 252 Ill.Dec. 470, 743 N.E.2d 44 (citing Young and Phipps for same proposition). Significantly, in Drum, this court rejected any distinction between suppression orders and exclusion orders in the context of Rule 604(a)(1), noting our repeated emphasis that "the substantive effect of a trial court's pretrial order, not the label of the order or its underlying motion, controls appealability under Rule 604(a)(1)." Drum, 194 Ill.2d at 489-90, 252 Ill.Dec. 470, 743 N.E.2d 44. Accordingly, we determined there is no substantive difference between excluded evidence and suppressed evidence for purposes of Rule 604(a)(1). Drum, 194 Ill.2d at 485, 252 Ill.Dec. 470, 743 N.E.2d 44.
Consistent with these decisions, we find no distinction, in the context of the Taylor rule, between exclusionary rulings based on evidentiary considerations and suppression rulings based on the State's wrongful conduct. Moreover, contrary to the State's characterization of the rule as "draconian," we believe trial courts and litigants are afforded the appropriate level of flexibility through the Taylor rule's exception, permitting review outside the ordinary parameters.
*326 The State's reliance on Childress and McGee is misplaced. The appellate court's decision in Childress is readily distinguishable based on its procedural circumstances. In stark contrast to this case, in Childress the State timely filed an interlocutory appeal under Rule 604(a)(1) from a pretrial order excluding evidence of the defendant's other sex-crime convictions. Childress, 338 Ill.App.3d at 543, 273 Ill. Dec. 430, 789 N.E.2d 330. Consequently, neither the appellate court nor the parties even considered the Taylor rule. Childress, 338 Ill.App.3d at 543, 273 Ill.Dec. 430, 789 N.E.2d 330. Based on these completely different circumstances, Childress provides no support for the State's position.
The appellate court's decision in McGee, however, does support the State's position. In McGee, the appellate court concluded, as the State similarly argues in this case, that the Taylor rule should not apply when evidence is excluded on an evidentiary basis, such as hearsay or relevancy. McGee, 245 Ill.App.3d at 705, 185 Ill.Dec. 635, 614 N.E.2d 1320. The McGee court reasoned that Taylor was based upon evidence excluded under section 114-12 of the Code of Criminal Procedure of 1963, allowing a motion to suppress evidence obtained following an illegal search without a warrant, or a search with a warrant that was illegal because the warrant was insufficient on its face, the evidence seized was not described in the warrant, there was no probable cause, or the warrant was illegally executed. McGee, 245 Ill.App.3d at 706, 185 Ill.Dec. 635, 614 N.E.2d 1320, citing 725 ILCS 5/114-12 (West 1992). Thus, the McGee court concluded "[a] Rule 604(a) appeal involving a section 114-12 suppression of evidence is based solely on the misconduct of the government in obtaining that evidence." McGee, 245 Ill.App.3d at 706, 185 Ill.Dec. 635, 614 N.E.2d 1320.
Critically, though, McGee did not cite to this court's contrary prior conclusions in Young and Phipps. Furthermore, after McGee this court reaffirmed that suppressed evidence under Rule 604(a)(1) has a broader meaning than wrongfully obtained evidence. Drum, 194 Ill.2d at 489-90, 252 Ill.Dec. 470, 743 N.E.2d 44. Consistent with our prior decisions in Drum, Young, and Phipps, we reiterate that for purposes of the Taylor rule there is no difference between evidence suppressed based on the State's wrongful conduct and evidence excluded based on evidentiary considerations. We overrule McGee to the extent it contradicts that conclusion.
We are also unpersuaded by the State's position supporting the appellate court's review under the revestment doctrine or Supreme Court Rule 366(a)(5). The State contends Rule 366(a)(5) permits a reviewing court to enter any judgment and make any order that ought to have been made. Noting defendant did not contest the timeliness of the motion to reconsider, but instead argued its merits, the State also contends the trial court was revested with authority to review that motion by defendant's actions.
The State, however, cites no authority for its proposition that Rule 366(a)(5) or the revestment doctrine can overcome the jurisdictional barrier created by Rule 604(a)(1) and its related Taylor rule. See People v. Johnson, 208 Ill.2d 118, 141, 281 Ill.Dec. 38, 803 N.E.2d 442 (2003) (referring to Rule 604(a)(1) as creating a jurisdictional barrier); see also People v. Ward, 215 Ill.2d 317, 332, 294 Ill.Dec. 144, 830 N.E.2d 556 (2005) (arguments made without citation to authority are forfeited). Thus, we reject the State's arguments on Rule 366(a)(5) and the revestment doctrine.
Because the Taylor rule operates to bar the State's interlocutory appeal in this *327 case, we conclude the appellate court lacked jurisdiction and the appeal must be dismissed. Based on our holding, we do not consider the merits of the parties' arguments on the exclusion of evidence of defendant's other sex-crime convictions.

III. CONCLUSION
The Taylor rule requires a party seeking review of an order appealable under Rule 604(a)(1) to appeal or file a motion to reconsider within 30 days. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385. An exception to the rule allows review outside those parameters only when a material change in facts occurs that could not have been presented earlier with due diligence. Williams, 138 Ill.2d at 394, 150 Ill.Dec. 498, 563 N.E.2d 385. Because the State did not appeal or seek reconsideration of the trial court's exclusion order within 30 days and failed to show the exception should apply, we hold the Taylor rule operates to bar the State's interlocutory appeal in this case. We therefore vacate the judgment of the appellate court and dismiss the appeal for lack of jurisdiction.
Appellate court judgment vacated; appeal dismissed.
Chief Justice FITZGERALD and Justices FREEMAN, THOMAS, GARMAN, KARMEIER, and BURKE concurred in the judgment and opinion.