2022 IL App (1st) 210605-U
No. 1-21-0605
Order filed January 31, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |
|---|---|
| IN RE THE MARRIAGE OF MARTHA CONTRERAS,<br><br>Petitioner-Appellant,<br><br>v.<br><br>RIGOBERTO MERAZ,<br><br>Defendant-Appellee. | ) <br>) <br>) Appeal from the <br>) Circuit Court of <br>) Cook County. <br>) <br>) No. 16 D 11729 <br>) <br>) Honorable <br>) Timothy P. Murphy, <br>) Judge, presiding. |

_____

PRESIDING JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Walker concurred in the judgment.

**ORDER**

¶ 1   *Holding*: Appeal of order denying motion for substitution of judge is dismissed for lack of jurisdiction.

¶ 2   Petitioner Martha Contreras filed a motion for criminal contempt against her former husband, Rigoberto Meraz, alleging he violated various provisions of their allocation judgment. Contreras then filed a motion for substitution of judge for cause under section 114-5(c) of the Code

of Criminal Procedure (725 ILCS 5/114-5(c) (West 2020)), alleging the judge who presided over the parties' dissolution of marriage proceedings was prejudiced against her. After hearing arguments, another judge assigned to hear the motion denied Contreras's motion in a written order, stating (i) Contreras lacked standing to invoke section 5/114-5(c) of the Code of Criminal Procedure on behalf of the State; (ii) Contreras's motion should be reviewed under section 2-1001 of the Code of Civil Procedure (735 ILCS 5/2-1001(West 2020)); and (iii) Contreras failed to present facts or other evidence establishing actual prejudice toward her that would warrant granting the motion under section 2-1001 of the Code of Civil Procedure.

¶ 3     Contreras appeals arguing the trial court erred in finding that section 2-1001 of the Code of Civil Procedure rather than the section 114-5(c) of the Code of Criminal Procedure applied to her motion. She asserts this court has jurisdiction under Supreme Court Rule 604(a) (eff. July 1, 2017), which grants the State a right to appeal certain orders in criminal case. We disagree and dismiss the appeal for a lack of jurisdiction.

¶ 4                                     Background

¶ 5     In March 2019, Judge Robert W. Johnson entered a judgment dissolving the marriage of Martha Contreras and Rigoberto Meraz. Judge Johnson also entered an allocation judgment, which addressed issues related to the parties' visitation with their two children and division of child-related expenses. On July 14, 2020, Contreras filed a petition for adjudication of criminal contempt alleging Meraz failed to adhere to the pick-up and drop-off times as delineated in the allocation judgment and failed to pay his portion of the children's dental expenses when due. A few months later, on November 23, Contreras filed a petition for indirect civil contempt against Meraz with similar allegations.

¶ 6     On March 4, 2021, Contreras filed motion for substitution of judge under section 114-5(c) of the Code of Criminal Procedure. That section permits the State to move for substitution of judge within 10 days after a case has been assigned to a trial judge on the grounds that the judge is prejudiced against the State. 725 ILCS 5/114-5(c) (West 2020). Contreras's motion sought a substitution for cause, alleging the trial judge was prejudiced against her.

¶ 7     The motion was transferred to Judge Timothy Murphy. After carefully reviewing the record and hearing argument, Judge Murphy denied Contreras's motion for substitution of judge. He stated that "there is no separate criminal proceeding related to the alleged criminal contempt motion filed by the Petitioner against Rigoberto, and that her Petition for same is still part and [parcel] of the civil proceedings before Judge [trial judge]." He concluded that 725 ILCS 5/114-5(c) is not applicable to the proceedings and he lacked authority to grant substitution.

¶ 8     The order further stated that Contreras's request for substitution of judge should be reviewed under section 2-1001 of the Code of Civil Procedure. 735 ILCS 5/2-1001 (West 2020). Judge Murphy noted that "the law is clear in Illinois that when, as in this case, a substantial ruling has been made, substitution under section 2-1001(a)(3) may be granted only where the party can establish actual prejudice." The order concluded that Contreras failed to plead or introduce facts or other evidence to establish actual prejudice by the trial judge toward her.

¶ 9                                Analysis

¶ 10    Contreras argues that the order finding she lacked standing to seek a substitution of judge under section 114-5(c) of the Code of Criminal Procedure and applying section 2-1001(a)(3) of the Code of Civil Procedure to deny her motion. (We take the case on the record and Contreras's brief, as the appellee did not file a brief.) Before we address the merits of Contreras's appeal, we must determine whether this court has jurisdiction. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 91064

¶ 9. "A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, and this duty exists regardless of whether either party has raised the issue." *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051 ¶ 17.

¶ 11 The Illinois Constitution grants the supreme court exclusive and final authority to prescribe the scope of interlocutory appeals. *People v. Holmes*, 235 Ill. 2d 59, 66 (2009). As an appeal from a non-final judgment, unless the ruling for review falls within one of the exceptions for interlocutory appeals specified by supreme court rules, we do not have jurisdiction to hear the appeal. *Id.* (citing *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). Contreras claims we have jurisdiction under Supreme Court Rule 604(1)(1)(eff. July 1, 2017), which provides:

> "*When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

¶ 12 Rule 604(a)(1) applies to appeals in criminal cases filed only by the State. Here, the State was not a party in the trial court or on this appeal. Further, even if, as Contreras contends, she has standing to invoke section 114-5 of the Code of Criminal Procedure, as well as Rule 604(a)(1), an order denying a motion for substitution of judge does not appear among the orders that can be appealed under Rule 604(a)(1). So, Rule 604(a)(1) does not apply to confer jurisdiction.

¶ 13 Further, an order denying a motion for substitution of judge for cause is interlocutory and not final for purposes of appeal. *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 19 (citing *In re Marriage of Nettleton*, 348 Ill. App. 3d 961,

969 (2004)). We lack jurisdiction and must dismiss the appeal because the May 11, 2021 order denying Contreras's motion for substitution of judge was interlocutory and not final.

¶ 14     Appeal dismissed.